United States Court of International Trade
One Federal Plaza
New York, NY 10278



CHAMBERS OF
Gary S. Katzmann
JUDGE

June 21, 2024

Luke Mathers
U.S. Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Ste. 346
New York, NY 10278

John F. Wood
Holland & Knight LLP
800 17th Street NW, Ste. 1100
Washington, D.C. 20006

**Re:** **Questions for Oral Argument in <u>United States v. Koehler Oberkirch GmbH</u>, Court No.: 24-00014**

Dear Counselors:

    Oral argument in this case will be held in the James L. Watson Courthouse on Tuesday, June 25, 2024, in Courtroom 1 at 2:30 p.m. The argument, if public and not closed, will be recorded and may be made available to the public via the court's website. If you will be requesting a closed argument or portions of the argument, please inform my case manager, Geoffrey Goell, by 5:00 p.m. on Friday, June 21, 2024. The court encourages the parties to maintain a public argument if possible.

    The court has reviewed the parties' briefs and documents and would like counsel to be prepared to answer the questions listed below at oral argument. The questions should not be construed as suggesting that the court has made any conclusive determinations prior to argument. Nor should the questions be construed as precluding discussion of other relevant issues that the parties may choose to address at oral argument. The length of parties' presentations at oral argument shall not exceed twenty (20) minutes for Plaintiff and twenty (20) minutes for Defendants.

**I.**     **Questions for Plaintiff the United States ("the Government")**

    1.     Between Steptoe LLP and Holland & Knight LLP, which firm is the Government's primary target for service through Defendants' U.S. counsel?

    2.     Assume, hypothetically, that the court agrees that USCIT R. 4(e) "refers to the 'place' of service and not the location of the individual or entity to be served."

Convergen Energy LLC v. Brooks, No. 20-CV-3746, 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020).

    a.    Would USCIT R. 4(d) ("Serving an Individual Within a Judicial District of the United States") apply instead? See id. R. 4(g).

    b.    If so, and assuming that Holland & Knight is a "an agent authorized by appointment or by law to receive service of process," USCIT R. 4(d)(2)(C), could the Government serve Defendants by delivering a copy of the Summons to Holland & Knight without first seeking leave of court?

3.    In the Government's view, is there any way that Holland & Knight could have entered an appearance in this case without establishing itself as a viable conduit for alternative service on Defendants?

4.    In the Government's view, is there any way that Steptoe could have conducted its January 24–March 13, 2024 email exchange with the Government to reach the same agreement without establishing itself as a viable conduit for alternative service on Defendants? See Pl.'s Mot. for Alternative Serv. Ex. C. at 2–5, Apr. 22, 2024, ECF No. 7 ("Gov't Br.").

5.    Assume, hypothetically, that the court adopts an inclusive standard for determining when a law firm's actions render the firm a viable conduit for alternative service on a defendant under USCIT R. 4(e). How might a law firm effectively represent a client that seeks to avoid service if the fact of the representation itself could result in service through U.S. counsel?

6.    Could the Government serve Defendants via email?

II.    **Questions for Defendants Koehler Oberkirch GMBH and Koehler Paper SE**

1.    Do you acknowledge that Holland & Knight's receipt of the Summons would provide "notice reasonably calculated, under all the circumstances, to apprise [Defendants] of the pendency of the action and afford them an opportunity to present their objections"? Mullane v. Cent. Hanover Bank & Tr. Co., 339 U.S. 306, 314 (1950).

2.    "Rule 4(f)(3) is not a last resort or a type of extraordinary relief for a plaintiff seeking to serve process on a foreign defendant. To the contrary, Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing." In re OnePlus Tech. (Shenzhen) Co., Ltd., No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (per curiam) (internal quotation marks and citation omitted). Does this holding control the court's interpretation of the corresponding U.S. Court of International Trade Rule?

3. Assume, hypothetically, that the court agrees that USCIT R. 4(e) "refers to the 'place' of service and not the location of the individual or entity to be served." Convergen Energy LLC v. Brooks, No. 20-CV-3746, 2020 WL 4038353, at *7 (S.D.N.Y. July 17, 2020).

   a. Why would USCIT R. 4(d) ("Serving an Individual Within a Judicial District of the United States") not apply instead? See id. R. 4(g).

   b. Counsel for Holland & Knight has indicated that he "requests that all papers be served on him/her." Notice of Appearance, May 13, 2024, ECF No. 9. Is this an acknowledgement that the firm is "an agent authorized by appointment or by law to receive service of process"? USCIT R. 4(d)(2)(C).

4. Why should the court construe the German District Court of Freiburg's "request" as disfavoring all attempts to serve Defendants that do not go through "diplomatic channels"? See Gov't Br. Ex. B. at 2, Apr. 22, 2024, ECF No. 7. Could it not be read as a narrower statement that the possibility of service through diplomatic channels precludes Hague Convention service specifically—but not all other means of service?

                                    Sincerely,

                                    /s/ Gary S. Katzmann
                                    Gary S. Katzmann
                                    Judge