THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Case No. 24-00014 |
| KOEHLER OBERKIRCH GMBH, f/k/a | : | Judge Gary S. Katzmann |
| PAPIERFABRIK AUGUST KOEHLER SE, | : | |
| f/k/a PAPIERFABRIK AUGUST | : | |
| KOEHLER AG; and KOEHLER PAPER | : | |
| SE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## <u>DEFENDANTS' MOTION TO CERTIFY ORDER FOR IMMEDIATE APPEAL</u>

Defendants, by and through undersigned counsel, submit this motion, pursuant to 28 U.S.C. § 1292, requesting that the Court certify for immediate appeal its August 21, 2024, Order granting Plaintiff's Motion for Alternative Service. The Court's decision permitting alternative service in this case is a threshold question that raises important questions of law. For this reason, federal courts have found that this question—one of first impression in this jurisdiction—satisfies the criteria for certification under 28 U.S.C. § 1292, and that it favors judicial economy to pursue interlocutory review of the issue.

For these reasons, and as set forth more particularly in the accompanying memorandum, the Court should certify its August 21, 2024 Order for review under 28 U.S.C. § 1292.

Date: August 30, 2024

Respectfully submitted,
*/s/ John F. Wood*

John F. Wood
Andrew McAllister
Anna P. Hayes
Stuart G. Nash *(admission pending)*
HOLLAND & KNIGHT, LLP

i

800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5628
Andrew.McAllister@hklaw.com
Anna.Hayes@hklaw.com
John.F.Wood@hklaw.com
Stuart.Nash@hklaw.com

*Counsel for Defendants*

THE UNITED STATES COURT OF INTERNATIONAL TRADE

|  | : |  |
| --- | --- | --- |
| UNITED STATES, | : |  |
|  | : |  |
| Plaintiff, | : |  |
| v. | : |  |
|  | : | Case No. 24-00014 |
| KOEHLER OBERKIRCH GMBH, f/k/a | : | Judge Gary S. Katzmann |
| PAPIERFABRIK AUGUST KOEHLER SE, | : |  |
| f/k/a PAPIERFABRIK AUGUST | : |  |
| KOEHLER AG; and KOEHLER PAPER | : |  |
| SE, | : |  |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANTS' MOTION TO CERTIFY ORDER FOR IMMEDIATE APPEAL**

## TABLE OF CONTENTS

I.  INTRODUCTION................................................................................................1

II.  BACKGROUND ...............................................................................................3

III.  THE COURT SHOULD EXERCISE ITS DISCRETION TO CERTIFY THE
ORDER FOR AN INTERLOCUTORY APPEAL, PURSUANT TO 28 U.S.C. §
1292....................................................................................................................5

   A.  LEGAL STANDARD ........................................................................................6

   B.  THE ORDER INVOLVES CONTROLLING LEGAL QUESTIONS .........................7

   C.  THERE IS SUBSTANTIAL GROUND FOR DIFFERENCE OF OPINION OVER THE
CONTROLLING LEGAL QUESTIONS ...............................................................10

   D.  AN IMMEDIATE APPEAL WILL MATERIALLY ADVANCE THE ULTIMATE
DETERMINATION OF THIS LITIGATION..........................................................11

IV.  CONCLUSION ...............................................................................................12

# TABLE OF AUTHORITIES

**Cases**

*Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*,
  751 F.3d 796 (7th Cir. 2014), ................................................................................ 10

*Ahrenholz v. Bd. of Tr. of Univ. of Ill.*,
  219 F.3d 674 (7th Cir. 2000) .................................................................................... 7

*APCC Servs., Inc. v. Sprint Commc'ns Co., L.P.*,
  297 F. Supp. 2d 90 (D.D.C. 2003) ......................................................................... 10

*Boellstorff v. State Farm Mut. Auto. Ins. Co.*,
  2007 WL 552247 (D. Colo. Feb. 20, 2007), *aff'd*, 540 F.3d 1223 (10th Cir. 2008) .................. 10

*Goodman v. Archbishop Curley High Sch., Inc.*,
  195 F. Supp. 3d 767 (D. Md. 2016) ....................................................................... 7, 8

*GTE New Media Servs. Inc. v. Ameritech Corp.*,
  44 F. Supp. 2d 313 (D.D.C. 1999) ........................................................................... 9

*In re Alexander*,
  135 F.3d 774 (Fed. Cir. 1997).................................................................................. 6

*In re Cement Antitrust Litig. (MDL No. 296)*,
  673 F.2d 1020 (9th Cir. 1981) ............................................................................. 7, 8

*Johnson v. Burken*,
  1990 WL 16802 (N.D. Ill. Jan. 26, 1990) ............................................................ 5, 12

*Johnson v. Burken*,
  930 F.2d 1202 (7th Cir. 1991) ............................................................................ 5, 12

*Johnson v. Jones*,
  515 U.S. 304 (1995).................................................................................................. 6

*Klinghoffer v. S.N.C. Achille Lauro*,
  921 F.2d 21 (2d Cir.1990)......................................................................................... 9

*Mann v. Castiel*,
  681 F.3d 368 (D.C. Cir. 2012) ................................................................................. 2

*Mohawk Indus. v. Carpenter*,
  558 U.S. 100 (2009)................................................................................................ 12

*Molock v. Whole Foods Mkt. Grp., Inc.*,
  317 F. Supp. 3d 1 (D.D.C. 2018) ......................................................................... 9, 11

*Murphy Bros. v. Michetti Pipe Stringing, Inc.*,
  526 U.S. 344 (1999)................................................................................................. 9

*Nat'l Veterans Legal Servs. Program v. United States*,
  321 F. Supp. 3d 150 (D.D.C. 2018) ....................................................................... 11

*Newsome v. Young Supply Co.*,
  873 F. Supp. 2d 872 (E.D. Mich. 2012)................................................................. 11

*Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*,
  484 U.S. 97 (1987).............................................................................................. 2, 9

*Raynor v. D.C.*,
  296 F. Supp. 3d 66 (D.D.C. 2017) ........................................................................... 2

*Reese v. BP Expl., Inc.*,
  643 F.3d 681 (9th Cir. 2011) ................................................................................. 10

*S.E.C. v. Credit Bancorp, Ltd.*,

103 F. Supp. 2d 223 (S.D. N.Y. 2000)....................................................... 12

*Swint v. Chambers County Comm'n,*
514 U.S. 35 (1995) ................................................................................ 6

*Tidewater Oil Co. v. U.S.,*
409 U.S. 151 (1972)............................................................................. 10

*United States v. Kingshead Corp.,*
13 C.I.T. 961 (1989) ............................................................................ 12

*United States v. UPS Customhouse Brokerage, Inc.,*
30 C.I.T. 1612 (2006) .............................................................. 6, 7, 8, 9

*United States v. Wilfran Agr. Indus., Inc.,*
34 C.I.T. 1007 (2010) ........................................................................ 5, 9

*United States v. Ziegler Bolt & Parts Co.,*
111 F.3d 878 (Fed. Cir. 1997)............................................................... 9

**Statutes**
28 U.S.C. § 1292 ........................................................................... passim

**Other Authorities**
19 James Wm. Moore et al., *Moore's Federal Practice* ¶ 203.31 (3d ed.2006) ........................... 9
Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.)............................................... 8, 12

**Rules**
Rule 5(a)(3), Fed. R. App. ...................................................................... 6
USCIT Rule 4 ................................................................................. passim

## I.     Introduction

Pursuant to 28 U.S.C. § 1292, Koehler Oberkirch GmbH ("Koehler GmbH") and Koehler Paper SE ("Koehler SE") (collectively, "Defendants" or "Koehler") request that the Court certify for immediate appeal its August 21, 2024, Opinion and Order, ECF No. 26 (the "Order"), which granted the Motion for Alternate Service, ECF No. 7, filed by the United States of America ("Plaintiff").[1]

At issue in the Court's Order was whether the United States was permitted to avoid the fundamental principle of proper legal service by adhering to the requirements set forth in Rule 4 of the United States Court of International Trade (the "USCIT Rules") and instead elect an alternative means of service that was most convenient for the United States. Respectfully, Defendants maintain that, as a matter of law, Plaintiff should not be permitted to serve Defendants' U.S. counsel—Holland & Knight, LLP ("Holland & Knight")—as an alternative means of service,. particularly when the basis for such service was Defendants' engagement of Holland & Knight to advocate for their legal right to proper service.

As argued in the briefing and at oral argument, Defendants— reputable German companies with brick-and-mortar headquarters and publicly-listed addresses— have not evaded service. Rather, they have simply stood on the rights accorded every litigant, which require plaintiffs to follow rules for service. Here, the structure of the applicable rules and principles of international comity both dictate that the United States must attempt service through diplomatic channels. And while the rules provide means for alternative service in certain circumstances,

---

[1]     Defendants file this Motion with the sole purpose of requesting that the Court certify the Order for interlocutory appeal on the issue of adequacy of service. Defendants do not waive their rights to assert any other defense, including but not limited to jurisdictional or affirmative defenses, or other basis for dismissal of the Amended Complaint.

Defendants contend that the United States did not meet its burden to demonstrate circumstances warranting judicial intervention in ordering such alternative service.

The issues litigated by the parties and raised in the Court's Order satisfy the factors set forth in 28 U.S.C. § 1292(d), which governs the use of interlocutory appeals. The Court's analysis noted that this is a threshold question of law and one of first impression for both this Court and the U.S. Court of Appeals for the Federal Circuit. Moreover, the decision allowing the United States to proceed to the merits of this case—without legally effective service—is entirely separate from the underlying merits of the case, making this issue appropriate for prompt review by the Federal Circuit before litigation on the merits, which will require further use and potential waste of judicial and party resources. Further, not immediately resolving this novel legal challenge would force Defendants to participate in the merits of the case and effectively disregard their due process rights to proper service. Where a party has not been duly served—as Defendants maintain—the court is without personal jurisdiction. *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *United States v. Ho*, 582 F. Supp. 3d 1325, 1330 (Ct. Int'l Trade 2022).[2]

For these reasons, and as further detailed below, the Court should grant this Motion and certify its Order for review before the Federal Circuit.

---

[2] Nothing in this Motion or prior filings of this case constitutes Defendants' consent to personal jurisdiction in this Court or a waiver of an affirmative defense based on improper service and lack of personal jurisdiction. *See Raynor v. D.C.*, 296 F. Supp. 3d 66, 71 (D.D.C. 2017) (holding that there is no waiver of an argument for defective service of process where counsel for the defendant submitted initial filings but not a responsive pleading to the complaint); *Mann v. Castiel*, 681 F.3d 368, 374 (D.C. Cir. 2012) (holding that motion to stay does not waive a defective service objection because it is "neither a responsive pleading ... nor a dispositive motion raising a defense listed in Rule 12(b)" and it does not "indicat[e] that a defendant intends to defend a suit on the merits").

## II.    Background

Plaintiff initiated this action on January 24, 2024, against Defendants—two German corporations that manufacture lightweight thermal paper—seeking to recover hundreds of millions of dollars purportedly owed to the United States. ECF No. 2 (the complaint); *later amended* ECF No. 4 ("Amended Complaint"). Plaintiff's demand follows a dispute related to imports that occurred between November 1, 2009, and October 31, 2011. ECF No. 4 at ¶ 15. Specifically, Plaintiff alleges, *inter alia*, that Defendants engaged in a fraudulent scheme to avoid payment of nearly $200 million in antidumping duties and interest, which were incurred following a determination by the U.S. Department of Commerce ("Commerce"). *See generally* ECF No. 4.

Despite the significant sum requested in the Amended Complaint, along with its serious allegations of fraud and other unlawful conduct, the United States worked to avoid the requirements for service set out in USCIT Rule 4 as well as Rule 4 of the Federal Rules of Civil Procedure (the "Federal Rules"), which mirrors USCIT Rule 4 and is often relied upon by this Court in addressing questions of service.

On January 24, 2024, Plaintiff emailed Steptoe, LLP ("Steptoe") and Akin Gump Strauss Hauer & Feld, LLP ("Akin")—both U.S. law firms—advising of the recently filed action and asking whether either Steptoe or Akin was authorized to accept service on Defendants' behalf. ECF No. 7-1. Each firm made clear that it did not represent Defendants in this matter. *Id.*

On February 26, 2024, Plaintiff attempted to serve Defendants pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. 6638 ("Hague Convention") by sending a request for Hague-Convention service to a German district court. ECF No. 7-2. By letter correspondence dated March 13, 2024, the German court advised Plaintiff that it could not accept that request, explaining that "[t]his matter concerns claims under public law and is not a civil or commercial matter" and that "[t]he

Hague Service Convention is therefore not applicable to the servicing of the documents." ECF No. 7-2. Instead, the German court "request[ed] that a request should be made through diplomatic channels, so that the relevant administrative authorities can take action if necessary." *Id*.

Ignoring the German court's request to proceed through diplomatic channels—a method of service firmly rooted in the relevant rules—Plaintiff filed its motion for alternative service on April 22, 2024, seeking an order authorizing the United States to effect service on Defendants through Steptoe, their U.S. counsel of record in a separate litigation. ECF No. 7 at 1.[3] In opposing that motion, Defendants argued that USCIT Rule 4(d) ("Serving an Individual Within a Judicial District of the United States") does not permit such service because such counsel is located within a judicial district of the United States, not a foreign country, and are not authorized to accept service of process on behalf of Defendants in this matter. ECF No. 11 at 1. Moreover, Defendants explained, Plaintiff's request for alternative service, under USCIT Rule 4 (e) ("Serving an Individual in a Foreign Country), was improper as the United States would not suffer any prejudice if required to serve Defendants through diplomatic channels as requested by the German court, which would be consistent with principles of due process and international comity. ECF No. 11 at 1. Subsequently, Plaintiff filed its reply brief, the Court held oral argument on the matter, and the parties submitted additional, post-hearing briefing. ECF Nos. 17, 22, 23-25.

On August 21, 2024, the Court granted Plaintiff's motion for alternative service. ECF No. 26. Therein, the Court acknowledged that the disputed issue—whether the scope of "Serving an Individual in a Foreign Country," as set forth in USCIT Rule 4(e), permits service on a foreign defendant through its U.S. counsel —is a question of first impression. The Court further

---

[3]      Holland & Knight had not yet entered an appearance in the case. ECF Nos. 9, 10, 13, 14 (Form 11 Notices).

acknowledged that the federal courts that have addressed this issue were split. Ultimately, the

Court held that USCIT Rule 4(e) was the governing provision —not Rule (d)—and that Plaintiff's

proposed service on Defendants through Holland & Knight LLP was consistent with that portion

of the Rule and did not otherwise violate international agreement or federal law. ECF No. at 2-21.

## III.    The Court Should Exercise Its Discretion to Certify the Order for an Interlocutory Appeal, pursuant to 28 U.S.C. § 1292

The Court should certify its Order for interlocutory review because all three factors set

forth in 28 U.S.C. § 1292(d) are satisfied. As shown below, whether Plaintiff should be permitted

to serve Defendants' U.S. counsel as an alternative form of service is a "controlling question of

law.". *United States v. Wilfran Agr. Indus., Inc.*, 34 C.I.T. 1007, 1011 (2010) ("Proper service of

the summons and complaint under the relevant procedural rules is required before a federal court

may exercise personal jurisdiction over a defendant."). Courts that have confronted this question—

which is also one of first impression for this Court and the Federal Circuit—hold that it satisfies

the criteria for certification under section 1292(d), and that it favors judicial economy for such a

question to be reviewed on appeal earlier in the litigation rather than after judgment has been

entered. *See, e.g., Johnson v. Burken*, 1990 WL 16802, at *2 (N.D. Ill. Jan. 26, 1990), *vacated on

other grounds*, 930 F.2d 1202 (7th Cir. 1991) (holding that the defendant should be allowed to

pursue an interlocutory appeal, "[b]ecause proper service is related to personal jurisdiction, the

effectiveness of service is a controlling question of law on which there is a substantial ground for

difference of opinion," and "immediate appeal will materially advance the termination of

litigation"); *Johnson*, 930 F.2d at 1205 ("If we don't decide the validity of the first service, the

case may go through to judgment, followed by an appeal that will result (as we are about to see)

in throwing the case out for want of proper service – thus requiring a remand for determination of

the validity of the second attempt at service, followed possibly by another appeal.").

### A.    Legal Standard

Under 28 U.S.C. § 1292, the federal courts of appeals "have jurisdiction of appeals from all final decisions of the district courts of the United States[.]" Interlocutory appeals are an exception to the grant of jurisdiction to appellate courts to hear appeals only from "final decisions" of district courts. *Johnson v. Jones*, 515 U.S. 304, 309 (1995). The availability and procedures for interlocutory appeals are governed by 28 U.S.C. § 1292, which provides that this Court may certify an interlocutory order for appeal if three criteria[4] are present: (1) the desired appeal involves a "controlling question of law"; (2) "there is substantial ground for difference of opinion" as to that question; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(d)(1); *see also United States v. UPS Customhouse Brokerage, Inc.*, 30 C.I.T. 1612, 1618 (2006) ("Section 1292(d) sets forth three requirements for certifying an order not otherwise immediately appealable."). "The decision to certify for immediate appeal an interlocutory order is committed to [the trial] court's discretion." *In re Alexander*, 135 F.3d 774 (Fed. Cir. 1997) (citing *Swint v. Chambers County Comm'n,* 514 U.S. 35, 47 (1995)).

Where these criteria are satisfied—as they are here—Rule 5(a)(3) of the Federal Rules of Appellate Procedure permits the Court to "amend its order, either on its own or in response to a party's motion, to include the required permission or statement" certifying an interlocutory appeal.

---

[4] Federal courts largely agree on the substantive requirements of 28 U.S.C. § 1292 but differ in their enumeration of the statute's criteria. *See, e.g., Ahrenholz v. Bd. of Tr. of Univ. of Ill.,* 219 F.3d 674, 675 (7th Cir.2000) (interpreting § 1292 as having "four statutory criteria," namely: (1) "there must be a question of law," (2) "it must be controlling," (3) "it must be contestable, and" (4) "its resolution must promise to speed up the litigation."); *cf. Volkswagen of Am., Inc. v. United States,* 22 CIT 280, 284, 4 F.Supp.2d 1259 (1998) (where court delimited only two requirements under § 1292(d)).

Once this Court issues an order certifying issues for appeal, the Federal Circuit can decide whether it will permit the appeal to proceed. 28 U.S.C. § 1292(d)(1).

### B.    The Order Involves Controlling Legal Questions

The first factor under 28 U.S.C. § 1292(d)(1) has two component parts—there needs to be a "question of law" that is "controlling." A "'question of law' is one involving 'the meaning of a statutory or constitutional provision, regulation, or common law doctrine.'" *UPS Customhouse*, 30 C.I.T. at 1618 (quoting *Ahrenholz v. Bd. of Tr. of Univ. of Ill.,* 219 F.3d 674, 676-77 (7th Cir. 2000)). Stated differently, for a decision to be reviewable as an interlocutory order, it "must turn 'on a pure question of law, something the court of appeals [can] decide quickly and cleanly without having to study the record.'" *Id. see also Goodman v. Archbishop Curley High Sch., Inc.*, 195 F. Supp. 3d 767, 772 (D. Md. 2016) (explaining that an "issue is plainly a 'question of law' insofar as it is a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine—as opposed to whether a party opposing summary judgment has raised a genuine issue of material fact") (cleaned up).

A legal question or issue is "controlling" if it is "'serious to the conduct of the litigation, either practically or legally.'" *UPS Customhouse*, 30 C.I.T. at 1619 (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). Whether an issue is "controlling" is construed broadly. *In re Cement Antitrust Litig.*, 673 F.2d at 1026 ("Courts have refused to interpret the phrase [controlling question of law] so narrowly as to require that reversal of the district court's order terminate the litigation.") (collecting cases). As this Court and others have noted, "[i]n order for the question of law to be 'controlling,' it need not resolve the action in its entirety." *UPS Customhouse*, 30 C.I.T. at 1618 (citing *In re Cement Antitrust Litigation,* 673 F.2d at 1026; 28 U.S.C. § 1292(d)(1)). Indeed, "the order need not be determinative of any of the

plaintiff's claims on the merits." *UPS Customhouse*, 30 C.I.T. at 1619 (citing *In re Cement Antitrust Litigation,* 673 F.2d at 1026). At most, "[a]ll that must be shown in order for a question to be 'controlling' is that resolution of the issue on appeal could materially affect the outcome of the litigation in the district court." *Id.* (quoting *Cement Antitrust,* 673 F.2d at 1026) (brackets omitted); *see also* Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ("A steadily growing number of decisions, however, have accepted the better view that a question is controlling, even though its disposition might not lead to reversal on appeal, if interlocutory reversal might save time for the district court, and time and expense for the litigants.") (collecting cases).

The instant issues involve controlling questions of law. First, the Order raises a "pure question of law," namely whether the USCIT and Federal Rules permit the United States to serve a foreign corporation by way of service on that foreign corporation's U.S.-based counsel appearing specifically to advocate for the foreign corporation's right to proper service. Defendants argue that neither the Rules nor principles of international comity permit such service, particularly where Plaintiff does not claim that it will suffer any cognizable prejudice if it is required to seek service through proper diplomatic channels expressly requested by the German court. Simply put, as reflected in the parties' briefing and statements during oral argument, the dispute in this case centers on what the Rules require. ECF No. 26 at 8 ("The sole issue before the court is how the Government may serve copies of the Summons and Amended Complaint on Koehler GmbH and Koehler SE.") (proceeding to analyze the text of USCIT R. 4(e)). There is no "dispute of material fact" that would make this issue inappropriate for appellate review. *Goodman*, 195 F. Supp. 3d at 772; *UPS Customhouse*, 30 C.I.T. at 1618.

Second, whether service is legally proper is a "controlling" legal question for purposes of interlocutory review. Proper service of process is a "bedrock principle," such that an "individual

or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). Absent legally proper service of process, a court "may not exercise power over a party the complaint names as a defendant." *Id.* at 350; *United States v. Ziegler Bolt & Parts Co.*, 111 F.3d 878, 880 (Fed. Cir. 1997) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirements of service of summons must be satisfied.") (quoting *Omni Capital*, 484 U.S. at 104) and citing USCIT R. 4(b)). This Court has observed not only that service of process raises personal jurisdiction concerns, *Wilfran Agr.*, 34 C.I.T. at 1011, but also that "controlling" questions of law under section 1292(d) include questions of personal jurisdiction, *UPS Customhouse*, 30 C.I.T. at 1618-19 (quoting 19 James Wm. Moore et al., *Moore's Federal Practice* ¶ 203.31[2] (3d ed.2006)); *see also GTE New Media Servs. Inc. v. Ameritech Corp.*, 44 F. Supp. 2d 313, 316 (D.D.C. 1999) (holding that certification under 28 U.S.C. § 1292 was proper where nonresident regional companies challenged the trial court's exercise of personal jurisdiction over them, stating that numerous circuits have "held that interlocutory appeal may be taken on the issue of personal jurisdiction") (collecting cases); *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24 (2d Cir.1990) (holding that a question of law is controlling if it involves issues of personal or subject matter jurisdiction).

There would be significant delay and waste of judicial resources were the parties to proceed through the merits of the case only for Defendants to later prevail in an appeal over this threshold jurisdictional issue. *See Molock v. Whole Foods Mkt. Grp., Inc.*, 317 F. Supp. 3d 1, 5 (D.D.C. 2018) (reasoning that an issue is "controlling" where the outcome of the interlocutory appeal would make a significant difference in terms of the demands on the court and litigants); *APCC Servs., Inc. v. Sprint Commc'ns Co., L.P.*, 297 F. Supp. 2d 90, 95-96 (D.D.C. 2003) (stating that,

under § 1292, "controlling question of law is one that would require reversal if decided incorrectly or that could materially affect the course of litigation with resulting savings of the court's or the parties' resources") (citations omitted). For this reason, issues surrounding service of process should be questions certified for interlocutory review. *See Boellstorff v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 552247, at \*2 (D. Colo. Feb. 20, 2007), *aff'd*, 540 F.3d 1223 (10th Cir. 2008) ("The Supreme Court considers § 1292(b) to be particularly useful in resolving 'threshold procedural issues,' such as issues relating to dismissal of a party or service of process, as such issues do not generally require extensive factual records.") (citing *Tidewater Oil Co. v. U.S.*, 409 U.S. 151, 17172 & n. 46 (1972)). Moreover, appellate review now would allow for clarity to be brought to a threshold issue of jurisdiction, which should (or perhaps must) be resolved at the outset of a proceeding. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), as corrected (May 12, 2014) ("[T]his court is entitled to entertain a threshold non-merits question, such as personal jurisdiction, at the outset of a case.").

### C.   There is Substantial Ground for Difference of Opinion Over the Controlling Legal Questions

The second factor for determining that a matter is appropriate for interlocutory review— that there be a "substantial ground for difference of opinion" over the legal questions presented for certification—is likewise easily satisfied in this case. 28 U.S.C. § 1292(d).

A "substantial ground for difference of opinion" exists where reasonable jurists "might disagree." *Reese v. BP Expl., Inc.,* 643 F.3d 681, 688 (9th Cir. 2011); *see also APCC Servs.,* 297 F. Supp. 2d at 97-98 (substantial ground for difference of opinion exists "where a court's challenged decision conflicts with decisions of several other courts"). This factor is often satisfied by a lack of binding precedent in the controlling jurisdiction. *APCC Servs.,* 297 F. Supp. 2d at 97; *Molock,* 317 F. Supp. 3d at 5. If the arguments advanced by both parties "are not without merit,"

then a court is well within its discretion to conclude that "the issue is truly one for which there is a substantial ground for dispute. *Nat'l Veterans Legal Servs. Program v. United States*, 321 F. Supp. 3d 150, 155 (D.D.C. 2018).

The Court has already acknowledged that Plaintiff's motion "raises a matter of first impression in the U.S. Court of International Trade…on which other federal courts, applying the identically-worded [Federal] Rule 4(f) are not unanimous." ECF No. 26 at 10. For this reason, the second factor is met. *See Newsome v. Young Supply Co.*, 873 F. Supp. 2d 872, 876 (E.D. Mich. 2012) ("Substantial ground for a difference of opinion on the issues raised by an interlocutory order exists when: (1) the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions; (2) the question is difficult and of first impression; (3) a difference of opinion exists within the controlling circuit; or (4) the circuits are split on the question.").

### D.    An Immediate Appeal Will Materially Advance the Ultimate Determination of this Litigation

"An interlocutory appeal materially advances the litigation when it saves judicial resources and litigant expense." *Newsome v*, 873 F. Supp. 2d at 878 (citations and quotations omitted). It is not necessary that the litigation will be speedier, or that the moving party will necessarily prevail on appeal. *Molock,* 317 F. Supp. 3d at 6 ("To satisfy this element, a movant need not show that a reversal on appeal would actually end the litigation. Instead, the relevant inquiry is whether reversal would hasten or at least simplify the litigation in some material way, such as by significantly narrowing the issues, conserving judicial resources, or saving the parties from needless expense."). Thus, key to the analysis is whether and (to what extent) time and judicial resources would be saved if the issue were to be reversed on appeal. *United States v. Kingshead Corp.*, 13 C.I.T. 961, 962 (1989). For this reason, courts are more likely to invoke such review

earlier in the proceedings. *Id*. ("Interlocutory appeal is most appropriate early in the proceedings; in contrast, the role of interlocutory appeal is diminished when a case is nearing trial and large expenditures have already been made."). In this way, an analysis of this material advancement consideration (the third Section 1292 factor) typically overlaps with the "controlling question of law" analysis (the first factor), discussed above. Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ("Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected.") (quoting *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D. N.Y. 2000)).

As noted, because service (and, in turn, personal jurisdiction) is a threshold issue, it is prudent to have the Federal Circuit resolve the question now. Otherwise, the Court and parties risk a greater loss of time and resources were the issue to be resolved in Koehler's favor on a post-judgment appeal. *Johnson*, 1990 WL 16802, at *2 (N.D. Ill.); *Johnson*, 930 F.2d 1205 (7th Cir.).

## IV.    Conclusion

Because the Order satisfies section 1292's factors, this Court "should not hesitate to certify an interlocutory appeal." *Mohawk Indus. v. Carpenter*, 558 U.S. 100, 110-11 (2009). For the foregoing reasons, Defendants respectfully request that the Court grant this motion and certify the Order for interlocutory review.


Date: August 30, 2024

Respectfully submitted,

*/s/ John F. Wood*

John F. Wood
Andrew McAllister
Anna P. Hayes
Stuart G. Nash *(admission pending)*
HOLLAND & KNIGHT, LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006

Telephone: (202) 469-5628
Andrew.McAllister@hklaw.com
Anna.Hayes@hklaw.com
John.F.Wood@hklaw.com
Stuart.Nash@hklaw.com

*Counsel for Defendants*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that Defendants' *Motion to Certify Order for Immediate Appeal* complies with the word limitation set forth in this Court's local rules (Chambers Procedures). The word processing system (Microsoft Word) used to prepare this filing provides as follows:

- ▪ The Motion and Memorandum contain 4,179 words.

<div style="text-align: right;">

*/s/ John F. Wood*

John F. Wood

HOLLAND & KNIGHT, LLP

</div>

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 30, 2024, I caused a copy of Defendants' *Motion to Certify Order for Immediate Appeal* to be served via the Court's CM/ECF system on all parties and counsel receiving electronic notices in this case.

<div style="margin-left: 50%;">

*/s/ John F. Wood*

John F. Wood

HOLLAND & KNIGHT, LLP

</div>