UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: GARY S. KATZMANN, JUDGE

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>KOEHLER OBERKIRCH GMBH, f/k/a PAPIERFABRIK AUGUST KOEHLER SE, f/k/a PAPIERFABRIK AUGUST KOEHLER AG; and KOEHLER PAPER SE,<br><br>    Defendants. | Court No. 24-00014 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION OF APPEALABILITY AND MOTION TO STAY**

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

EDWARD F. KENNY
Senior Trial Counsel

Of Counsel:
BRANDON T. ROGERS
Senior Attorney
U.S. Customs and Border Protection
Office of the Assistant Chief Counsel
8899 E. 56th Street
Indianapolis, Indiana 46249

LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
Tel.: (212) 264-9236
*Attorneys for Plaintiff*

Dated: September 10, 2024

# **TABLE OF CONTENTS**

ARGUMENT ................................................................................................................................. 1

    I.    Immediate Appeal Will Not "Materially Advance The Ultimate Termination Of The Litigation" Through Resolution Of A "Controlling" Issue Because The Government Can Still Effect Service Through Other Means ................................................................................... 1

    II.    A Stay of this Action is Unwarranted ................................................................... 5

CONCLUSION .............................................................................................................................. 6

# TABLE OF AUTHORITIES

**Cases**

*Bank of New York v. Hoyt*,
 108 F.R.D. 184 (D.R.I. 1985) ................................................................................................. 2

*Boellstorff v. State Farm Mut. Auto. Ins. Co.*,
 2007 WL 552247 (D. Colo. Feb. 20, 2007) ............................................................................ 4

*C.T. v. Red Roof Inns, Inc.*,
 2022 WL 18003292 (S.D. Ohio Dec. 30, 2022) ..................................................................... 3

*Document Ops., LLC v. AOS Legal Techs., Inc.*,
 2021 WL 3089258 (S.D. Tex. July 22, 2021) ........................................................................ 3

*Fisons Ltd. v. United States*,
 458 F.2d 1241 (7th Cir. 1972) ................................................................................................ 4

*Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*,
 450 F. App'x 978 (Fed. Cir. 2011) ......................................................................................... 2

*In re TK Holdings*,
 2021 WL 3796878 (D. Del. Aug. 26, 2021) ........................................................................... 3

*Johnson v. Burken*,
 1990 WL 16802 (N.D. Ill. Jan. 26, 1990) ............................................................................... 4

*Nken v. Holder*,
 556 U.S. 418 (2009) ............................................................................................................... 5

*Orner v. Int'l Labs., Inc.*,
 2020 WL 9749413 (M.D. Pa. Dec. 21, 2020) ........................................................................ 3

*PrimeSource Bldg. Prods., Inc. v. United States*,
 535 F. Supp. 3d 1327 (Ct. Int'l Trade 2021) .......................................................................... 5

*Thirty Eight St., Inc. v. Chatur Corp.*,
 2008 WL 11382305 (N.D. Ohio Oct. 22, 2008) ................................................................. 3, 5

*Tidewater Oil Co. v. United States*,
 409 U.S. 151 (1972) ............................................................................................................ 2, 4

*United States v. Dantzler Lumber & Exp. Co.*,
 17 C.I.T. 178 (1993) ............................................................................................................... 2

*United States v. Soong*,
 2014 WL 988632 (N.D. Cal. Mar. 10, 2014) ......................................................................... 3

*White v. Nix*,
  43 F.3d 374 (8th Cir. 1994) ................................................................................................ 2

**Statutes**

28 U.S.C. § 1292 ............................................................................................................... *passim*

28 U.S.C. § 1292(d)(1) ........................................................................................................ 2, 5

**Rules**

Fed. R. Civ. P. 4(f)(3) ............................................................................................................. 3

USCIT Rule 4(*l*) ..................................................................................................................... 2

**Other Authorities**

S. Rep. No. 85-2434 (1958) .................................................................................................... 4

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: GARY S. KATZMANN, JUDGE

| | |
|---|---|
| UNITED STATES, <br><br> Plaintiff, <br><br> v. <br><br> KOEHLER OBERKIRCH GMBH, f/k/a PAPIERFABRIK AUGUST KOEHLER SE, f/k/a PAPIERFABRIK AUGUST KOEHLER AG; and KOEHLER PAPER SE, <br><br> Defendants. | Court No. 24-00014 |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION OF APPEALABILITY AND MOTION TO STAY**

Plaintiff, the United States (the Government), submits this response in opposition to the motions of defendants, Koehler Oberkirch GmbH and Koehler Paper SE, to certify for appeal the Court's interlocutory order granting the Government's motion for alternative service, ECF No. 26 (Slip Op. 24-97), and to stay proceedings, ECF Nos. 33 and 29.

**ARGUMENT**

The defendants seek to further delay this case by securing both immediate appellate review of the Court's thorough order granting alternative service and a stay pending certification and appeal. Both of defendants' motions should be denied.

I. **Immediate Appeal Will Not "Materially Advance The Ultimate Termination Of The Litigation" Through Resolution Of A "Controlling" Issue Because The Government Can Still Effect Service Through Other Means**

The "express purpose" of certification under 28 U.S.C. § 1292 is the "expeditious termination of litigation" through early appellate review of a trial court's interlocutory order.

*Tidewater Oil Co. v. United States*, 409 U.S. 151, 172 (1972).  Thus, only those interlocutory orders whose immediate appeal "may materially advance the ultimate termination of the litigation" through the resolution of a "controlling" issue, among other prerequisites, qualify for certification under 28 U.S.C. § 1292(d)(1).[1]  In other words, discretionary § 1292 certification is reserved for "exceptional cases where an intermediate appeal may avoid protracted and expensive litigation."  *United States v. Dantzler Lumber & Exp. Co.*, 17 C.I.T. 178, 180 (1993) (quotation omitted).

Even assuming that § 1292's other prerequisites are met, immediate appeal of the Court's order is unwarranted because it will do nothing to spur this case's resolution.  "[W]hatever the outcome" on appeal, the Government's case would move forward in essentially the same manner, making certification unwarranted.  *Green Edge Enters., LLC v. Rubber Mulch Etc., LLC*, 450 F. App'x 978, 980 (Fed. Cir. 2011); *accord White v. Nix*, 43 F.3d 374, 378–79 (8th Cir. 1994); *Bank of New York v. Hoyt*, 108 F.R.D. 184, 188–90 (D.R.I. 1985) (Selya, J.).

On the one hand, were the United States Court of Appeals for the Federal Circuit to reverse this Court's order, the Government would be left in the same position it was in before moving for alternative service: attempting to serve process on foreign defendants, without a prescribed time limit, USCIT Rule 4(*l*).  Whether service would eventually be made via email, Slip Op. 24-97 at 21 n.20, or through diplomatic channels as the defendants would prefer, litigation would nevertheless ensue.  *See Thirty Eight St., Inc. v. Chatur Corp.*, 2008 WL

---

[1] 28 U.S.C. § 1292(d)(1) provides, in full, that "[w]hen the chief judge of the Court of International Trade issues an order under the provisions of section 256(b) of this title, or when any judge of the Court of International Trade, in issuing any other interlocutory order, includes in the order a statement that a controlling question of law is involved with respect to which there is a substantial ground for difference of opinion and that an immediate appeal from that order may materially advance the ultimate termination of the litigation, the United States Court of Appeals for the Federal Circuit may, in its discretion, permit an appeal to be taken from such order, if application is made to that Court within ten days after the entry of such order."

2

11382305, at *3 (N.D. Ohio Oct. 22, 2008) (denying a § 1292 motion concerning service of process where "[p]laintiffs could simply refile the lawsuit and serve defendants in a manner that would be unassailable"); *United States v. Soong*, 2014 WL 988632, at *2 (N.D. Cal. Mar. 10, 2014) ("[A]n appeal would not materially advance the ultimate termination of the litigation … because, even if the [defendants] were correct that service of process was defective, that would not preclude the government from perfecting service through another means.").

On the other hand, if the Federal Circuit were to affirm, litigation would proceed just as it is proceeding now.  And "all that would be accomplished" through interlocutory appeal "would be the delay which has undoubtedly been defendants' purpose from the beginning," *Thirty Eight St.*, 2008 WL 11382305, at *3—delay that continues to injure domestic industry and deprive the United States of revenue.[2]  Either way, immediate appeal would not move the ball forward.

Accordingly, courts routinely deny § 1292 motions concerning non-dispositive issues of service of process as not materially advancing the termination of litigation through resolution of a controlling issue.  *See, e.g.*, *In re TK Holdings*, 2021 WL 3796878, at *4 (D. Del. Aug. 26, 2021) (denying interlocutory appeal of a Fed. R. Civ. P. 4(f)(3) order); *Document Ops., LLC v. AOS Legal Techs., Inc.*, 2021 WL 3089258, at *6 (S.D. Tex. July 22, 2021) (same); *Thirty Eight St.*, 2008 WL 11382305, at *3; *Soong*, 2014 WL 988632, at *2; *Orner v. Int'l Labs., Inc.*, 2020 WL 9749413, at *2 (M.D. Pa. Dec. 21, 2020); *C.T. v. Red Roof Inns, Inc.*, 2022 WL 18003292, at *7 (S.D. Ohio Dec. 30, 2022).  This Court should deny § 1292 certification of its order for the same reason.

---

[2] The Government reminds the defendants that "the length of time that has passed since the imports underlying the antidumping duties," ECF No. 29 at 4, is attributable to both the defendants' continued refusal to pay and over a decade of unsuccessful agency and court challenges that the defendants' predecessor-in-interest lodged—not any indifference on the Government's part.

3

The defendants suggest that "issues surrounding service of process should be questions certified for interlocutory review," ECF No. 33 at 10 (citing *Boellstorff v. State Farm Mut. Auto. Ins. Co.*, 2007 WL 552247 (D. Colo. Feb. 20, 2007)), but there is little authority for that broad suggestion. *Boellstorff* granted § 1292 certification of an order concerning a dispositive statute-of-limitations issue, not a service-of-process one. 2007 WL 552247, at *2. And *Boellstorff* misread *Tidewater* as stating that all "threshold procedural issues," including "service of process," are appropriate for § 1292 certification. *Id.* at *2–*3. Rather, *Tidewater* cited *Fisons Ltd. v. United States*—a case reviewing an order denying "a motion to quash service and to dismiss the complaint … *for lack of [personal] jurisdiction*," 458 F.2d 1241, 1243 (7th Cir. 1972) (emphasis added)—as an example of a case addressing a "threshold procedural issue[]" in a § 1292 appeal. 409 U.S. at 171–72 & n.46. *Tidewater*'s reference to "threshold procedural issues," in other words, means potentially dispositive ones—not the sort of issues raised in the Court's non-dispositive order granting alternative service. *See id.* at 167 (citing S. Rep. No. 85-2434 (1958) (explaining that the purpose of certification under § 1292 was to provide prompt appellate review of orders whose reversal would end a case for a litigant, like motions concerning jurisdiction, statutes of limitation, and joinder of third parties)).

And the one service-of-process case that the defendants found, *Johnson v. Burken*, 1990 WL 16802 (N.D. Ill. Jan. 26, 1990), ECF No. 33 at 12, proves that rule. There, "the case [would] probably be dismissed" were the district court's order reversed. *Id.* at *2. Here, however, the Government could still serve process even if the Court's order were reversed. Thus, despite the defendants' attempts to recharacterize the Court's order as one concerning personal jurisdiction rather than service, *see generally* ECF No. 33, immediate appeal would change little yet delay much.

4

The defendants also complain that litigation could lead to "significant delay and waste of judicial resources" should a final judgment in the Government's favor be reversed for improper service, *id.* at 15, but that is not so. Putting aside the unlikelihood of reversal, this is a straightforward duty-collection action. "[H]undreds of millions of dollars" are not "*purportedly* owed to the United States," ECF No. 33 at 3 (emphasis added)—they *are* owed, as a matter of law. Continuing to litigate the case on the narrow issue of successor liability will not require the significant expenditure of time and money that § 1292 seeks to cut short. Nor could that effort ever be wasted given that the Government could refile its case upon reversal, using the same evidence and arguments already developed. *See Thirty Eight St.*, 2008 WL 11382305, at *3.

This Court accordingly should hold that immediate appellate review of its order pursuant to § 1292 is not warranted—and, consequently, deny the defendants' motion for certification of appealability, ECF No. 33.

## II.   A Stay Of This Action Is Unwarranted

A stay is not appropriate, either. For one, the motion to stay is premised on certification for immediate appeal, *see* ECF No. 29. Because certification for immediate appeal is unwarranted, a stay is, too.

For another, even if the Court granted the motion for certification of appealability, and even if the Federal Circuit agreed the case was § 1292(d)(1)-worthy, the defendants have not made a "strong showing" that they are likely to convince the Federal Circuit that this Court's thorough analysis was somehow mistaken. *Nken v. Holder*, 556 U.S. 418, 419 (2009). Nor would the public interest favor a stay where the collection of long-outstanding revenue is at stake. *Cf., e.g.*, *PrimeSource Bldg. Prods., Inc. v. United States*, 535 F. Supp. 3d 1327, 1335 (Ct. Int'l Trade 2021) (public interest favored the Government in its bid for a stay pending appeal

where revenue was at stake). In short, this case should not be delayed any longer while the defendants continue to reap the benefits of their nonpayment.

## CONCLUSION

For these reasons, the Court should deny the defendants' motion for certification of appealability and motion to stay.

                                                                            Respectfully submitted,

                                                                            BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/Aimee Lee
AIMEE LEE
Assistant Director

/s/ Edward F. Kenny
EDWARD F. KENNY
Senior Trial Counsel

Of Counsel:
BRANDON T. ROGERS
Senior Attorney
U.S. Customs and Border Protection
Office of the Assistant Chief Counsel
8899 E. 56th Street
Indianapolis, Indiana 46249

Dated: September 10, 2024

/s/ Luke Mathers
LUKE MATHERS
Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
Tel.: (212) 264-9236
*Attorneys for Plaintiff*

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: GARY S. KATZMANN, JUDGE

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>KOEHLER OBERKIRCH GMBH, f/k/a PAPIERFABRIK AUGUST KOEHLER SE, f/k/a PAPIERFABRIK AUGUST KOEHLER AG; and KOEHLER PAPER SE,<br><br>        Defendants. | Court No. 24-00014 |

**CERTIFICATE OF COMPLIANCE**

    I, Luke Mathers, a trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 1,588 words.

                                        /s/ Luke Mathers
                                        LUKE MATHERS