THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>v.<br><br>KOEHLER OBERKIRCH GMBH, f/k/a PAPIERFABRIK AUGUST KOEHLER SE, f/k/a PAPIERFABRIK AUGUST KOEHLER AG; and KOEHLER PAPER SE,<br><br>        Defendants. | Case No. 24-00014<br>Judge Gary S. Katzmann |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' AMENDED MOTION
TO CERTIFY ORDER FOR IMMEDIATE APPEAL AND MOTION TO STAY**

Date: September 24, 2024

Respectfully submitted,
*/s/ John F. Wood*
John F. Wood
Andrew McAllister
Anna P. Hayes
Stuart G. Nash *(admission pending)*
HOLLAND & KNIGHT, LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5628
Andrew.McAllister@hklaw.com
Anna.Hayes@hklaw.com
John.F.Wood@hklaw.com
Stuart.Nash@hklaw.com

*Counsel for Defendants*

# TABLE OF CONTENTS

| | | |
|---|---|---:|
| I. | INTRODUCTION | 1 |
| II. | THE COURT SHOULD GRANT THE MOTION TO CERTIFY | 2 |
| | A. Certification is appropriate even if a successful appeal does not resolve the case in its entirety | 2 |
| | B. Defendants' authorities are on-point and instructive | 5 |
| III. | THE COURT SHOULD GRANT THE MOTION TO STAY | 6 |
| IV. | CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Cases**

*A.P. DeSanno & Son, Inc. v. Brown*,
   313 F.2d 898 (D.C. Cir. 1963) ............................................................................................. 3

*Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*,
   751 F.3d 796 (7th Cir. 2014) ................................................................................................ 4

*An Giang Agric. & Food Imp. Exp. Co. v. United States*,
   350 F.Supp.2d 1162 (Ct. Int'l Trade 2004) ..................................................................... 1-2, 7

*Barrett v. Browning Arms Co.*,
   433 F.2d 141 (5th Cir. 1970) ................................................................................................ 3

*Boellstorff v. State Farm Mut. Auto.Ins. Co.*,
   2007 WL 552247 (D. Colo. Feb. 20, 2007) ......................................................................... 5

*Cardiac Pacemakers, Inc. v. St. Jude Med. Inc.*,
   144 F. App'x 106 (Fed. Cir. 2005) ....................................................................................... 4

*Christian v. United States*,
   44 F. App'x 958 (Fed. Cir. 2002) ......................................................................................... 4

*Electro-Craft Corp. v. Maxwell Elecs. Co.*,
   417 F.2d 365 (8th Cir. 1969) ................................................................................................ 3

*GAF Corp. v. County School Bd. Of Washington Cnty., VA*,
   629 F.2d 981 (4th Cir. 1980) ................................................................................................ 3

*Hilton v. Braunskill*,
   481 U.S. 770 (1987) .............................................................................................................. 6

*Houston Fearless Corp. v. Teter*,
   318 F.2d 822 (10th Cir. 1963) .............................................................................................. 3

*In re Cement Antitrust Litigation*,
   673 F.2d 1020 (9th Cir. 1981) .............................................................................................. 2

*Johnson v. Burken*,
   1990 WL 16802 (N.D. Ill. Jan. 26, 1990) ................................................................... 3, 5, 6

*Kaptan Demir Celik Endustrisi v. Ticaret A.S.*,
   592 F. Supp. 3d 1332 (Ct. Int'l Trade 2022) ........................................................................ 6

*Kuang v. United States Dep't of Def.*,
   2019 WL 1597495 (N.D. Cal. Apr. 15, 2019) .................................................................. 6, 7

*Landis v. N. Am. Co.*,
   299 U.S. 248 (1936) ................................................................................................. 1, 2, 6, 7

*Molock v. Whole Foods Mkt. Grp., Inc.*,
   317 F. Supp. 3d 1 (D.D.C. 2018) ......................................................................................... 4

*Nexteel Co. v. United States*,
   556 F. Supp. 3d 1376 (Ct. Int'l Trade 2022) ........................................................................ 6

*Nken v. Holder*,
   556 U.S. 418 (2009) ........................................................................................................ 6, 7

*R.W. v. Columbia Basin Coll.*,
   2019 WL 13201975 (E.D. Wash. Oct. 21, 2019) ................................................................ 7

*Tidewater Oil Co. v. United States*,
   409 U.S. 151 (1972) .............................................................................................................. 5

*United States v. Kingshead Corp.*,
   13 C.I.T. 961 (1989) ................................................................................................. 3
*United States v. UPS Customhouse Brokerage, Inc.*,
   30 C.I.T. 1612 (2006) ............................................................................................... 2

**Other Authorities**
Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.).................................... 2, 3

**I.      INTRODUCTION**

Defendants submit this reply ("Reply") in support of their Amended Motion to Certify Order for Immediate Appeal, ECF No. 33 (the "Motion to Certify"),[1] and their Motion to Stay, ECF No. 29 ("Motion to Stay"), both of which the Government opposes in its Response in Opposition to those motions, ECF No. 34 ("Opposition").

As explained below, the Court should grant the Motion to Certify. The issue presented is a threshold question of law that presents a novel legal dispute implicating fundamental rights, and it satisfies all three factors set forth under 28 U.S.C. § 1292(d). In its Opposition, the Government argues that certification is improper because it would not materially advance the ultimate termination of this case. But the Government's argument is unavailing, as discussed herein. The Government fails to address Defendants' argument that without proper service, this Court cannot have personal jurisdiction (an issue for which courts have granted interlocutory review).

As to the requested stay, the Government cannot justify the waste of judicial resources absent a stay if this issue were reversed on appeal. The Government also cites an incorrect legal standard, arguing that Defendants must make a "strong showing" of likelihood of success on appeal. As explained below, the correct standard are the factors laid out by *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), which do not include likelihood of success. Rather, if (and only if) there is "a fair possibility that the stay . . . will work damage to some one [sic] else," (which the Government has not shown), the Court should then consider whether Defendants will experience "hardship or inequity in being required to go forward" – which Defendants have shown. *See An*

---

[1] Citations to the Motion to Stay refer to the original pagination in the supporting memorandum of law (starting on ECF No. 33 page 5 of 21 and continuing through page 19 of 21), rather than the CM/ECF stamped-page numbers that appear at the top.

*Giang Agric. & Food Imp. Exp. Co. v. United States*, 350 F.Supp.2d 1162, 1167 (Ct. Int'l Trade 2004) (quoting *Landis*, 299 U.S. at 255).

For these reasons—and as further shown below and in the respective motions—the Court should grant the Defendants' Motion to Certify and Motion to Stay.[2]

**II.     The Court Should Grant The Motion to Certify**

   **A.     Certification is appropriate even if a successful appeal does not resolve the case in its entirety**

The Government needs to serve two foreign defendants. Focusing on section 1292(d)'s material advancement factor, the Government claims that certification is unwarranted because even if Defendants won on appeal its "case would move forward in essentially the same manner." ECF No. 34 at 2. In other words, it is the Government's view that the question of whether this Court has personal jurisdiction over Defendants—foreign entities entitled to the same due process rights as any other litigant in this Court—is of no significance because even if service was defective, it could simply serve Defendants another way.

The Government ignores the law cited in the Motion to Certify from this Court, explaining that in assessing the material advancement factor, the key inquiry is on the effect that issue's resolution would have on the litigating process. *United States v. UPS Customhouse Brokerage, Inc.*, 30 C.I.T. 1612, 1618 (2006) ("In order for the question of law to be 'controlling,' **it need not resolve the action in its entirety**." ) (emphasis added) (citing *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1981).[3] Instead, the Court should consider whether reversal on the

---

[2] As previously noted, nothing in the Motion for Leave to File a Reply Brief, in this Reply brief itself, or any other pleading or filing in this case constitutes Defendants' consent to personal jurisdiction in this Court or a waiver of an affirmative defense based on improper service and lack of personal jurisdiction. See ECF No. 33 at 2, n.2.

[3] Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) ("Although technically the question of whether there is a controlling issue of law is distinct from the question of whether

issue of alternative service would "materially affect" the litigation, which occurs when an "interlocutory reversal **might save time for the district court, and time and expense for the litigants**." Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3930 (3d ed.) (emphasis added). Considering precisely this issue, the court in *Johnson v. Burken* found that interlocutory review was appropriate to determine whether service was proper because "proper service is related to personal jurisdiction." *Johnson v. Burken*, 1991 WL 222096, at *2 (N.D. Ill. Oct. 21, 1991); *see also* Wright & Miller, 16 Fed. Prac. & Proc. Juris. § 3931 (3d ed.) (explaining that "[a]mong the categories of rulings that may be obviously suited for interlocutory appeal within the general criteria of the statute are those rejecting—or, without final judgment, accepting—challenges to . . . personal jurisdiction"). *Johnson* is not the only case to have found so, contrary to the Government's assertion. Other cases facing similar situations, such as court orders denying motions to quash service, have also granted interlocutory appeal on issues related to service. *See Electro-Craft Corp. v. Maxwell Elecs. Co.*, 417 F.2d 365, 366 (8th Cir. 1969); *A.P. DeSanno & Son, Inc. v. Brown*, 313 F.2d 898 (D.C. Cir. 1963) (same); *Barrett v. Browning Arms Co.*, 433 F.2d 141, 144 (5th Cir. 1970); *GAF Corp. v. County School Bd. Of Washington Cnty., VA*, 629 F.2d 981 (4th Cir. 1980); *Houston Fearless Corp. v. Teter*, 318 F.2d 822, 823-24 (10th Cir. 1963).

Defendants respectfully suggest that the Court should focus not on whether the issue for which certification is sought would resolve the case on the merits, but rather, whether addressing this preliminary procedural matter now would save time and resources should Defendants prevail on appeal. *See United States v. Kingshead Corp.*, 13 C.I.T. 961, 962 (1989) ("In deciding whether an interlocutory appeal would materially advance the ultimate termination of litigation, this Court

---

certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected.") (quoting *S.E.C. v. Credit Bancorp, Ltd.*, 103 F. Supp. 2d 223, 227 (S.D. N.Y. 2000)).

must consider the extent to which time and expense will be saved by an interlocutory appeal if the order appealed is found to be in error.") (citations omitted); *Christian v. United States*, 44 F. App'x 958, 959 (Fed. Cir. 2002) (accepting a petition for interlocutory review because "resolution of this unsettled area of law" would "materially advance the case by saving costs and preserving resources"); *Molock v. Whole Foods Mkt. Grp.*, Inc., 317 F. Supp. 3d 1, 5 (D.D.C. 2018) (reasoning that an issue is "controlling" where the outcome of the interlocutory appeal would make a significant difference in terms of the demands on the court and litigants).

For instance, in *Cardiac Pacemakers, Inc. v. St. Jude Med. Inc.*, 144 F. App'x 106 (Fed. Cir. 2005), the Federal Circuit accepted a petition for appeal where the dispute—a procedural one—concerned whether, under a court's local rule, the case had been assigned to the correct district court judge. *Id*. In contrast to the present matter, this issue did not involve constitutional or jurisdictional concerns, nor would the issue's resolution result in an end to the case. In determining that interlocutory appeal was proper, the Federal Circuit—like the district court that granted the certification motion—found: "[W]e determine that granting the petition for the limited purpose of deciding the best course of action for the district court in this specific case is warranted and will conserve judicial resources." *Id*. at 107.

Moreover, there is no authority in this circuit to support the proposition that interlocutory appellate review is inappropriate because an error can be corrected on remand. To suggest otherwise—particularly where the error at issue raises concerns fundamental rights—would disincentivize litigants and courts from ensuring that key, threshold questions are properly resolved from the outset of a case. *Cf. Advanced Tactical Ordinance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 800 (7th Cir. 2014), as corrected (May 12, 2014) ("[T]his court is entitled to entertain a threshold non-merits question, such as personal jurisdiction, at the outset of a case.").

4

### B. Defendants' authorities are on-point and instructive

The Motion to Certify cites various authorities from this circuit and others in demonstrating why certification of the Court's Order is not just permitted but also appropriate. *See generally* ECF No. 33. The Government appears to take issue with only three of those authorities. ECF No. 34 at 4 (discussing *Boellstorff v. State Farm Mut. Auto.Ins. Co.*, 2007 WL 552247 (D. Colo. Feb. 20, 2007), *aff'd,* 540 F.3d 1223 (10th Cir. 2008); *Tidewater Oil Co. v. United States*, 409 U.S. 151 (1972); and *Johnson v. Burken*, 1990 WL 16802 (N.D. Ill. Jan. 26, 1990)).

As explained in the Motion to Certify, *see* ECF N. 33 at 16, federal courts take the view that threshold issues—particularly those concerning service of process, which implicate jurisdictional concerns—should be certified for interlocutory review. *Boellstorff*, 2007 WL 552247, at *2 (D. Colo. Feb. 20, 2007) ("The Supreme Court considers § 1292(b) to be particularly useful in resolving 'threshold procedural issues,' such as issues relating to dismissal of a party or service of process, as such issues do not generally require extensive factual records.") (citing *Tidewater*, 409 U.S. at 171-72). Ignoring that *Boellstorff* and *Tidewater* say exactly what they are cited for, the Opposition responds "there is little authority for that broad suggestion." ECF No. 34 at 8. Instead, the Government contends that *Tidewater's* "reference to 'threshold procedural issues,' . . . means potentially dispositive ones." ECF No. 34 at 8 (quoting *Tidewater*, 409 U.S. at 171-72). In fact, the Supreme Court clearly explained that section 1292 review is suitable for threshold issues that do not require extensive record analysis. *Tidewater*, 409 U.S. at 171–72 ("[Q]uestions that would be presented to the courts of appeals under s 1292(b) would often involve threshold procedural issues not requiring extensive analysis of the record").

The Opposition also takes issue with *Burken*, suggesting that the *Burken* court agreed to certify the issue only because that case would "'probably [have been] dismissed' were the district court's order reversed." ECF 34 at 4 (citing *Burken*, 1990 WL 16802, at *2). However, this

sentiment did not provide the basis for the court's ruling in that case. Rather, the court granted the interlocutory review "[b]ecause proper service is related to personal jurisdiction . . .". *Id.*

III. **The Court Should Grant The Motion to Stay**

Next, the Government argues that Defendants are not entitled to a stay because they failed to make a "strong showing" that they would prevail on appeal, the four-factor test set forth in *Nken v. Holder*, 556 U.S. 418, 419 (2009).[4] ECF No. 34 at 5. This is not the correct legal standard.

Most federal courts apply the legal standard from *Landis v. North American Co.*, 299 U.S. 248 (1936)—as Defendants do in their Motion to Stay—when assessing stay requests in cases involving interlocutory review.[5] *See generally* ECF No. 29. Indeed, this issue—whether *Landis* or *Nken* applies when interlocutory review is sought—was recently discussed at length by two district courts from the Ninth Circuit, which concluded that the *Landis* standard, not *Nken*, applies in the context of interlocutory review. *See Kuang v. United States Dep't of Def.*, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019) ("[A] review of the case law suggests that district courts that have directly confronted the question have overwhelmingly concluded that the *Landis* test or something

---

[4] In *Nken*, the Supreme Court explained that the "traditional' standard for a stay" includes: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 425-26 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

[5] "The power to stay proceedings 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants.'" *Nexteel Co. v. United States*, 556 F. Supp. 3d 1376, 1378 (Ct. Int'l Trade 2022) (quoting *Landis*, 299 U.S. at 254). While the decision to grant or deny a stay "rests within the court's sound discretion, courts must weigh and maintain an even balance between competing interests" in determining whether "a stay is appropriate." *Nexteel*, 556 F. Supp. 3d at 1378 (citing *Landis*, 299 U.S. at 254-55). Such interests or considerations may include: the "benefits, harms, and prejudice," both to the litigants as well as "the counsel and the court itself"; and the "interests of the general public, such as public welfare or convenience." *Kaptan Demir Celik Endustrisi v. Ticaret A.S.*, 592 F. Supp. 3d 1332, 1338 (Ct. Int'l Trade 2022) (quoting *Landis*, 299 U.S. at 256).

similar governs. Those courts have reasoned that the *Nken* test 'is applicable **when there is a request to stay a district court's judgment or order pending an appeal of the same case**,' while *Landis* applies to the decision to stay proceedings, regardless whether the stay is based on a direct appeal or an independent case.") (emphasis added); *see also R.W. v. Columbia Basin Coll.*, 2019 WL 13201975, at *5 (E.D. Wash. Oct. 21, 2019) (same).

Not only is this the "majority" approach, *see Kuang*, 2019 WL 1597495, at *3 (collecting cases), but this is the approach accepted and applied in this jurisdiction. *See DuPont Teijin Films v. United States*, 37 ITRD 2066 (Ct. Int'l Trade 2015) ("Without 'a showing that there is at least a fair possibility that the stay . . . will work damage to some one [sic] else, **there is no requirement**' that the movant 'make a strong showing of necessity or establish a clear case of hardship or inequity to warrant the granting of the requested stay.'") (emphasis added) (quoting *An Giang*, 350 F.Supp. at 1167) (ellipses in original) (citations and quotation marks omitted).

## IV.  Conclusion

For the foregoing reasons, as well as those outlined in the respective motions, the Court should grant Defendants' Motion to Certify and Motion to Stay.

Date: September 24, 2024

Respectfully submitted,
*/s/ John F. Wood*
John F. Wood
Andrew McAllister
Anna P. Hayes
Stuart G. Nash *(admission pending)*
HOLLAND & KNIGHT, LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5628
Andrew.McAllister@hklaw.com
Anna.Hayes@hklaw.com
John.F.Wood@hklaw.com
Stuart.Nash@hklaw.com
*Counsel for Defendants*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing *Reply Brief In Support of Defendants' Amended Motion to Certify Order for Immediate Appeal and Motion to Stay* complies with the word limitation set forth in this Court's local rules (Chambers Procedures). The word processing system (Microsoft Word) indicates that the foregoing Reply brief contains 2,422 words.

                                                  */s/ John F. Wood*
                                                  John F. Wood
                                                  HOLLAND & KNIGHT, LLP