THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES,<br><br>               Plaintiff,<br><br>v.<br><br>KOEHLER OBERKIRCH GMBH, f/k/a PAPIERFABRIK AUGUST KOEHLER SE, f/k/a PAPIERFABRIK AUGUST KOEHLER AG; and KOEHLER PAPER SE,<br><br>               Defendants. | Case No. 24-00014<br>Judge Gary S. Katzmann |

### **DEFENDANTS' MOTION TO DISMISS**

Date: October 24, 2024

Respectfully submitted,

*/s/ John F. Wood*

John F. Wood
Andrew McAllister
Anna P. Hayes
Stuart G. Nash *(admission pending)*
HOLLAND & KNIGHT, LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5628
Andrew.McAllister@hklaw.com
Anna.Hayes@hklaw.com
John.F.Wood@hklaw.com
Stuart.Nash@hklaw.com

*Counsel for Defendants*

**TABLE OF CONTENTS**

I.   INTRODUCTION ...................................................................................................................1
II.  BACKGROUND .....................................................................................................................1
III. ARGUMENT...........................................................................................................................2
   A.   Service of Process on Holland & Knight Was Insufficient As A Matter of Law and thus the Court Has No Personal Jurisdiction Over Defendants ........2
   B.   Even if Service Was Sufficient, the Court Has No Personal Jurisdiction over Koehler Paper..................................................................................................3
IV.  CONCLUSION........................................................................................................................5

## **TABLE OF AUTHORITIES**

**Cases**

*Ford Motor Co. v. Montana 8th Judicial Dist. Ct.*, 592 U.S. 351, 358 (2021) ......................... 3, 4
*Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 773-74, 780 (1984) ..................................................... 4
*Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) .......................... 2

**Rules**

CIT Rules 12(b)(2) ........................................................................................................................ 3
CIT Rule 12(b)(5) ......................................................................................................................... 3

## I.  INTRODUCTION

Koehler Oberkirch GmbH ("Koehler Oberkirch") and Koehler Paper SE ("Koehler Paper") (collectively, "Defendants"), by and through undersigned counsel, submit this motion (the "Motion") requesting that the Court dismiss the Amended Complaint (ECF No. 4, "Complaint" or "Compl.") pursuant to CIT Rule 12.

## II.  BACKGROUND

For purposes of this Motion, Defendants accept the allegations in the Complaint as true. At the heart of the Government's claims are imports of lightweight thermal paper from Germany that occurred between November 1, 2009, and October 31, 2011 subject to antidumping duties. Compl. ¶ 9-10. The importer of these entries was Papierfabrik August Koehler AG, which in 2012 converted corporate forms and became known as Papierfabrik August Koehler SE, and then in 2021 became Koehler Oberkirch through a "statutory conversion" whereby "the actual business entity [remained] the same." *Id.* ¶ 5-9. Ultimately, the U.S. Department of Commerce assessed a final dumping margin of 75.36 percent on Koehler Oberkirch's imports. *Id.* ¶ 15. This assessment was upheld in the U.S. Court of International Trade; the U.S. Court of Appeals for the Federal Circuit affirmed, and the U.S. Supreme Court denied Koehler Oberkirch's petition for writs of *certiorari*. *Id.* ¶¶ 16-17.

U.S. Customs and Border Protection ("Customs") liquidated and reliquidated Koehler Oberkirch's entries and, after Koehler Oberkirch protested, granted certain protests and determined that certain interest was miscalculated, "among other things." *Id.* ¶ 18-22. Customs reliquidated the entries between July 31 and August 7, 2020, and then issued written bills to Koehler Oberkirch for antidumping duties and interest totaling $193,631,642.08. *Id.* ¶¶ 22-25.

On April 1, 2021, Koehler Oberkirch underwent a "spin-off," whereby "certain assets and liabilities were transferred to a new company called Koehler Paper SE." *Id.* ¶ 29, 33-36, 38.

The Government filed its original complaint in this matter on January 24, 2024, and filed the operative amended Complaint on February 8, 2024. ECF Nos. 1, 4, 5. The Government attempted to serve Defendants with the summons and Complaint through the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). ECF No. 7 at 3. However, the German district court declined the Government's request, finding that the Hague Convention was inapplicable, and "request[ed] that a [Government] request [for service] should be made through diplomatic channels, so that the relevant administrative authorities can take action if necessary." *Id.* at Ex. B. The Government declined to honor the German court's request, and instead moved this Court for leave to serve Defendants through alternative means. *Id.* Defendants opposed that motion and, after oral argument, the Court granted the Government's motion and allowed the Government to serve Defendants through undersigned counsel. ECF No. 26; ECF No. 27 (proof of service). Defendants filed a Motion for Certification of Appealability (ECF Nos. 28, 33), which the Court denied (ECF No. 39).

**III.    ARGUMENT**

    **A.    Service of Process on Holland & Knight Was Insufficient As A Matter of Law and thus the Court Has No Personal Jurisdiction Over Defendants**

Service upon Defendants' U.S. counsel—Holland & Knight, LLP ("Holland & Knight")—as an alternative means of service was improper and insufficient (*See* ECF Nos. 11, 12, 23, 25, 28). Defendants incorporate by reference their prior arguments here as a matter of precaution and to avoid any appearance of waiver of this defense. Further, because there has been insufficient service of process, the Court cannot exercise personal jurisdiction over Defendants. *See Omni Capital Intern., Ltd. v. Rudolf Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987) (superseded by statute on other grounds) ("Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. . . . there must be more than

notice to the defendant and a constitutionally sufficient relationship between the defendant and the forum. There also must be a basis for the defendant's amenability to service of summons."). Therefore, the Court should dismiss Plaintiffs' Amended Complaint pursuant to CIT Rules 12(b)(2) and 12(b)(5).

**B.     Even if Service Was Sufficient, the Court Has No Personal Jurisdiction over Koehler Paper**

Pursuant to CIT Rule 12(b)(2), Koehler Paper requests that the Court dismiss the Complaint as to it for lack of personal jurisdiction. There is neither general jurisdiction nor specific jurisdiction. *See, e.g.*, *Ford Motor Co. v. Montana 8th Judicial Dist. Ct.*, 592 U.S. 351, 358 (2021). General jurisdiction exists "only when a defendant is essentially at home in the [forum]," and thus, any "claims need not relate to the forum State or the defendant's activity there." *Id.* (quotation marks omitted). Koehler Oberkirch and Koehler Paper are not subject to general jurisdiction, because each is incorporated and has its principal place of business in Germany.[1] *See id.* at 358-59 (stating that a corporation is subject to general jurisdiction at "its place of incorporation and principal place of business").

Specific jurisdiction, on the other hand, exists only where a "defendant deliberately reached out beyond its home – by, for example, exploiting a market in the forum State or entering a contractual relationship centered there." *Id.* at 359 (quotations and citations omitted). In addition, the Government's "claims . . . must arise out of or relate to [Koehler Paper]'s contacts with the forum." *Id.* (quotations and citations omitted). For instance, "regular circulation of magazines in the forum State is sufficient to support an assertion of jurisdiction in a libel action *based on the*

---

[1] Though there are no allegations in the Complaint that allege that Koehler Oberkirch and Koehler Paper are incorporated in Germany, the Complaint alleges that Koehler Oberkirch is "located" in Germany and that Koehler Paper maintains a "corporate address" in Germany. Compl. ¶¶ 3, 31.

3

*contents of the magazine*," because "the cause of action arises out of the very activity being conducted." *Keeton v. Hustler Mag., Inc.*, 465 U.S. 770, 773-74, 780 (1984).

In *Ford*, the Court rejected a "causation-only approach" to personal jurisdiction. *Ford*, 592 U.S. at 361. In a case arising from car accidents involving two Ford vehicles, the Court found that Ford was subject to personal jurisdiction in Montana and Minnesota, though Ford did not design, manufacture, or sell the subject vehicles in either state. *Id.* However, the Court explained that specific jurisdiction exists when a defendant "serves a market for a product in the forum State and the product malfunctions there." *Id.* at 363. The Court found that personal jurisdiction is appropriate in that instance because product sales "arise from the efforts of the manufacturer or distributor to serve, directly or indirectly, the market for its product in several or all other States." *Id.* (cleaned up). There, Ford advertised the two subject car models "[b]y every means imaginable" in Minnesota and Montana and also maintained car dealerships there to service those vehicles – in other words, Ford had "systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States." *Id.* at 365.

The Government has pleaded no similar facts in relation to Koehler Paper, and in fact, the allegations are directly contrary to the facts in *Ford*. The allegations in the Complaint are that Koehler *Oberkirch*, not Koehler Paper, "imported lightweight thermal paper from Germany through the 1,462 entries listed in Exhibit A" – the entries subject to the antidumping duties underlying the Complaint. Compl. ¶¶ 9-10. Paragraphs 9 through 28 in the Complaint detail the antidumping duties alleged to be owed by Koehler Oberkirch arising out of its contacts with the United States – i.e., its imports. However, the Government makes no allegations as to Koehler *Paper* in those paragraphs. Nor can it, as it alleges that the underlying imports occurred from 2009-

4

2011 – but alleges that Koehler Paper was created as "a new company" on April 1, 2021. Compl. ¶¶ 12, 29.

The Government's allegations as to Koehler *Paper* are detailed in paragraphs 29 through 41. These allegations expressly relate to "The 'Spin-Off' to Koehler Paper SE." *Id.* at p. 5. However, none of these allegations relate to any action Koehler *Paper* took in the United States. Rather, these allegations arise solely out of the *creation* of Koehler Paper. Koehler Paper is a German company, created under the laws of Germany. Although the Complaint contains no allegations regarding the place where Koehler Paper was created, it concedes that Koehler Paper maintains its "corporate address" in the Federal Republic of Germany. *Id.* ¶ 30. The remaining allegations relate to Koehler Oberkirch and Koehler Paper's respective financial statements and balance of each company's respective assets, revenues, and liabilities. *Id.* ¶¶ 33-42.

None of these allegations relate to any activity by Koehler Paper in the United States. Both Koehler Oberkirch and Koehler Paper are German companies, founded and operating pursuant to German law. The Government does not allege that their financial statements were authored or filed in the United States. There is, therefore, no basis for exercising either general or specific jurisdiction over Koehler Paper, because it is not "at home" in the United States and because it is not alleged to have taken any action in the United States that gave rise to the allegations in the Complaint. For these reasons, the Court should dismiss the Complaint as to Koehler Paper because it fails to establish a basis for personal jurisdiction in this Court.

## IV. CONCLUSION

Because there was insufficient service of process, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint (ECF No. 4). Alternatively, because the Court has no personal jurisdiction over Koehler Paper, Defendants respectfully request that the Court dismiss the Amended Complaint as to Koehler Paper.

        Respectfully submitted,
        */s/ John F. Wood*
        John F. Wood
        Andrew McAllister
        Anna P. Hayes
        Stuart G. Nash *(admission pending)*
        HOLLAND & KNIGHT, LLP
        800 17th Street N.W., Suite 1100
        Washington, D.C. 20006
        Telephone: (202) 469-5628
        Andrew.McAllister@hklaw.com
        Anna.Hayes@hklaw.com
        John.F.Wood@hklaw.com
        Stuart.Nash@hklaw.com

        *Counsel for Defendants*

**CERTIFICATE OF COMPLIANCE**

    I hereby certify that the foregoing Motion complies with the word limitation set forth in this Court's Rules (Chambers Procedures). According to the word processing system (Microsoft Word) used to prepare this filing, the foregoing contains 1,588 words.

                                                 */s/ John F. Wood*
                                                 John F. Wood
                                                 HOLLAND & KNIGHT, LLP