THE UNITED STATES COURT OF INTERNATIONAL TRADE

| | : | |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| v. | : | |
| | : | Case No. 24-00014 |
| KOEHLER OBERKIRCH GMBH, f/k/a | : | Judge Gary S. Katzmann |
| PAPIERFABRIK AUGUST KOEHLER SE, | : | |
| f/k/a PAPIERFABRIK AUGUST | : | |
| KOEHLER AG; and KOEHLER PAPER | : | |
| SE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**DEFENDANTS' REPLY IN SUPPORT OF**
**<u>MOTION TO DISMISS</u>**

Date: December 18, 2024

John F. Wood
Andrew McAllister
Anna P. Hayes
Stuart G. Nash *(admission pending)*
HOLLAND & KNIGHT, LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5628
Andrew.McAllister@hklaw.com
Anna.Hayes@hklaw.com
John.F.Wood@hklaw.com
Stuart.Nash@hklaw.com

*Counsel for Defendants*

i

**TABLE OF CONTENTS**

I.   INTRODUCTION ...........................................................................................................1

II.  ARGUMENT ..................................................................................................................3

   A.   THE GOVERNMENT'S COMPLAINT FAILS TO PLEAD FACTS THAT IMPUTE PERSONAL JURISDICTION FROM KOEHLER OBERKIRCH TO KOEHLER PAPER ......................................3

   B.   THE PRIOR ACTION CONCERNED A DIFFERENT TRANSACTION AND OCCURRENCE, THUS KOEHLER PAPER HAS NOT CONSENTED TO THIS COURT'S JURISDICTION. ..............8

III. CONCLUSION ................................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Auto-Owners Ins. Co. v. G&D Constr. Grp., Inc.*,
    588 F. Supp. 3d 1328 (N.D. Ga. 2022) ............................................................................... 3, 8
*Blackbird Tech LLC v. Health In Motion LLC*,
    944 F.3d 910 (Fed. Cir. 2019) ................................................................................................. 1
*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ................................................................................................................ 5
*DaimlerChrysler Corp. v. United States*,
    30 C.I.T. 1945 (Ct. Int'l Trade 2006) ..................................................................................... 8
*Doktor v. Werner Co.*,
    762 F. Supp. 2d 494 (E.D.N.Y. 2011) .................................................................................... 4
*Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*,
    292 F.3d 1363 (Fed. Cir. 2002) ........................................................................................... 2, 8
*Hayes v. ATL Hawks, LLC*,
    844 F. App'x 171 (11th Cir. 2021) .......................................................................................... 1
*Hawkins v. i-TV Digitalis Tavkozlesi zrt.*,
    935 F.3d 211 (4th Cir. 2019) ............................................................................................... 4, 5
*In re Welding Fume Products Liab. Litig.*,
    1:03-CV-17000, 2010 WL 2403355 (N.D. Ohio June 11, 2010) ........................................... 4
*J. McIntyre Mach., Ltd. v. Nicastro*,
    564 U.S. 873 (2011) ................................................................................................................ 6
*Lelchook v. Société Générale de Banque au Liban SAL*,
    67 F. 4th 69 (2d Cir. 2023) ..................................................................................................... 7
*Lowden v. William M. Mercer, Inc.*,
    903 F. Supp. 212 (D. Mass. 1995) .......................................................................................... 1
*Marron v. Whitney Grp.*,
    662 F. Supp. 2d 198 (D. Mass. 2009) .................................................................................. 3, 8
*Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*,
    757 F.2d 1256 (Fed. Cir. 1985) ............................................................................................... 6
*Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*,
    153 F.Supp.3d 778 (W.D. Pa. 2015) ....................................................................................... 4
*Patin v. Thoroughbred Power Boats Inc.*,
    294 F.3d 640 (5th Cir. 2002) .................................................................................................. 3
*Purdue Research Found. v. Sanofi-Synthelabo, S.A.*,
    338 F.3d 773 (7th Cir. 2003) .................................................................................................. 4
*S.E.C. v. Gastauer*,
    93 F.4th 1 (1st Cir. 2024) .................................................................................................... 4, 5
*Sapuppo v. Allstate Floridian Ins. Co.*,
    739 F.3d 678 (11th Cir. 2014) ................................................................................................. 1
*Schenin v. Micro Copper Corp.*,
    272 F. Supp. 523 (S.D.N.Y. 1967) ......................................................................................... 7
*Shuler v. Regency House of Wallingford, Inc.*,
    No. 3:05CV480 (RNC), 2006 WL 118383 (D. Conn. Jan. 13, 2006) .................................... 1
*U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*,
    916 F.3d 143 (2d Cir. 2019) ................................................................................................ 2, 3

*White v. Cone-Blanchard Corp.*,
  217 F.Supp.2d 767 (E.D. Tex. 2002) ....................................................................................... 4
*Williams v. Bowman Livestock Equip. Co.*,
  927 F.2d 1128 (10th Cir. 1991) ............................................................................................... 4
*Zhorne v. Swan*,
  700 F. Supp. 1037 (D. Minn. 1988) ......................................................................................... 7

**Rules**
CIT Rule 12 ..................................................................................................................................... 1

I.  **INTRODUCTION**

Koehler Oberkirch GmbH ("Koehler Oberkirch") and Koehler Paper SE ("Koehler Paper") (collectively, "Defendants"), by and through undersigned counsel, submit this reply in further support of their motion (ECF No. 43, the "Motion") requesting that the Court dismiss the Amended Complaint (ECF No. 4, "Complaint" or "Compl.") pursuant to CIT Rule 12.

As stated in Defendants' Motion, this Court should dismiss the Amended Complaint because this Court lacks personal jurisdiction over Defendants. Principally, there is no personal jurisdiction over Defendants because Plaintiff has yet to effect sufficient service of process on Defendants.[1] Even assuming *arguendo* that the Government had properly served Defendants, this Court still lacks personal jurisdiction over Koehler Paper because there is neither general jurisdiction nor specific jurisdiction over Koehler Paper.

In opposing Defendants' Motion, the Government presents two tenuous arguments on why this Court has personal jurisdiction, but neither carries the day. First, the Government argues that this Court has personal jurisdiction over Koehler Paper because Koehler Paper is Koehler

---

[1] The Government argues that Defendants have not preserved their service of process arguments, implying that those arguments are waived. However, courts have allowed motions to dismiss to "incorporate by reference" arguments made in prior motions. *See, e.g.*, *Lowden v. William M. Mercer, Inc.*, 903 F. Supp. 212, 216 (D. Mass. 1995) (finding that "it is appropriate to incorporate by reference an argument made in a motion to dismiss an original complaint despite the subsequent amendment of the complaint"); *see also Shuler v. Regency House of Wallingford, Inc.*, No. 3:05CV480 (RNC), 2006 WL 118383, at *1 (D. Conn. Jan. 13, 2006) (allowing incorporation by reference of a memorandum filed in support of a separate motion). Defendants also raised the service issue prominently in a separate section of their Motion (Section III(A)). *See Hayes v. ATL Hawks, LLC,* 844 F. App'x 171, 184 n.17 (11th Cir. 2021) (finding that a party did not waive an issue when the party incorporated by reference prior arguments and "devote[d] a section of his brief to the claim"); *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) ("A party fails to adequately brief a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims.") (citations omitted). The Federal Circuit has also previously affirmed a district court's grant of a motion that "incorporated by reference" arguments in a separate motion. *Blackbird Tech LLC v. Health In Motion LLC*, 944 F.3d 910, 912 (Fed. Cir. 2019).

Oberkirch's "successor-in-interest," and personal jurisdiction over Koehler Oberkirch can therefore be imputed to Koehler Paper. The cases cited by the Government largely rely on a "mere continuation" theory or a "de facto merger" theory for creating personal jurisdiction over a successor-in-interest. But nowhere in the Complaint does the Government allege that Koehler Paper is a "mere continuation" of Koehler Oberkirch or that the spinoff of Koehler Paper was a "de facto merger." The Government cites no case law to support its assertion that Koehler Paper is subject to this Court's jurisdiction based on the allegation in the Complaint that Koehler Oberkirch spun off Koehler Paper in order to avoid paying U.S. Customs and Border Protection. "[W]hether liability as a successor in interest also entails being subject to personal jurisdiction . . . depends on the basis of the successor liability." *U.S. Bank Nat'l Ass'n v. Bank of Am. N.A.*, 916 F.3d 143, 156 (2d Cir. 2019) (addressing New York law and stating that "successor liability based on acquisition of a predecessor's assets does not necessarily make the defendant also amenable to jurisdiction . . . [but] the rule is different where the successor liability of the defendant derives from a merger with the predecessor" and taking issue with the concurrence's reliance on cases that were based on a different theory of successor liability than the facts before the court).

Second, the Government argues that Koehler Paper consented to personal jurisdiction in this case by filing a "related" lawsuit in the Court of International Trade years prior. While the Government portrays the two actions as "related," they are entirely separate lawsuits addressing different antidumping duty orders and different periods of review. More importantly, the standard for consenting to personal jurisdiction through participating in a separate action in the same forum is not whether the actions are "related," but whether the actions "aris[e] out of the same transaction or occurrence." *Frank's Casing Crew & Rental Tools, Inc. v. PMR Techs., Ltd.*, 292 F.3d 1363, 1372 (Fed. Cir. 2002). But here, the two actions involve entirely separate antidumping duty orders

2

and do not share the "same nucleus of operative facts." *Auto-Owners Ins. Co. v. G&D Constr. Grp., Inc.*, 588 F. Supp. 3d 1328, 1334 (N.D. Ga. 2022) (quoting *Marron v. Whitney Grp.*, 662 F. Supp. 2d 198, 200 (D. Mass. 2009)). As a result, Koehler Paper's involvement in the other action does not result in waiver of or consent to personal jurisdiction in the instant matter before this Court. Accordingly, for these reasons and those stated in Defendants' Motion, the Government's Amended Complaint should be dismissed.

## II. ARGUMENT

### A. The Government's Complaint Fails to Plead Facts that Impute Personal Jurisdiction from Koehler Oberkirch to Koehler Paper

The Government first argues that this Court has personal jurisdiction over Koehler Paper not through Koehler Paper's contacts, but through Koehler Oberkirch's. It contends that Koehler Paper is Koehler Oberkirch's "successor-in-interest," and as a result, this Court's personal jurisdiction over Koehler Oberkirch is imputed to Koehler Paper.[2]

The Government appears to base its arguments in the Response for successor-in-interest jurisdiction on cases relying on either a "mere continuation" or "de facto merger" standard. Response at 8-9 (collecting cases). The *Purdue Research* case cited in the Response recognized the rationale for subjecting a "mere continuation" successor to the same personal jurisdiction as the predecessor: "because the two corporations 'are the *same entity*, the jurisdictional contacts of one *are* the jurisdictional contacts of the other for the purposes of the *International Shoe* due process analysis." *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 784 (7th Cir. 2003) (quoting *Patin v. Thoroughbred Power Boats Inc.*, 294 F.3d 640, 654 (5th Cir. 2002)

---

[2] Even if Koehler Paper could be considered the successor-in-interest of Koehler Oberkirch for some purposes, that does not necessarily subject it to the same jurisdiction as Koehler Oberkirch. *See U.S. Bank,* 916 F.3d at 156.

3

(emphasis in original). However, there is no allegation in the Amended Complaint supporting the notion that Koehler Paper has "entirely stepped into the shoes" of Koehler Oberkirch to meet either of those tests. *See S.E.C. v. Gastauer*, 93 F.4th 1, 11 (1st Cir. 2024). In *Purdue Research*, though an entity purchased assets from another, because there was no merger or purchase of "all (or substantially all)" of the assets, there was no "mere continuation." 338 F.3d at 785; *see also Williams v. Bowman Livestock Equip. Co.*, 927 F.2d 1128, 1131 (10th Cir. 1991) (same, interpreting Oklahoma law). Here, the Government specifically alleges that neither all nor substantially all of Koehler Oberkirch's assets (or liabilities) were transferred to Koehler Paper. Compl. ¶ 50 (alleging that "three-quarters" of Koehler Oberkirch's assets, and "no equivalent . . . liabilities or provisions" were transferred to Koehler Paper).

Nor could the Government make any such allegation that there is successor liability because it also alleged that Koehler Oberkirch *still exists*, and if the alleged predecessor "still exists," "there is no successor, and therefore, no successor liability." *Norfolk S. Ry. Co. v. Pittsburgh & W. Va. R.R.*, 153 F.Supp.3d 778, 807 (W.D. Pa. 2015); *see also In re Welding Fume Products Liab. Litig.*, 1:03-CV-17000, 2010 WL 2403355, at *7 (N.D. Ohio June 11, 2010) ("Of course, if the original entity still exists, there is no successor—and no successor liability."); *Doktor v. Werner Co.*, 762 F. Supp. 2d 494, 499 (E.D.N.Y. 2011) (same); *White v. Cone-Blanchard Corp.*, 217 F.Supp.2d 767, 772 (E.D. Tex. 2002) (same).

Moreover, the exercise of personal jurisdiction over a foreign corporation with no contacts in the forum implicates international comity concerns. Significantly, in *Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, the court found that when a transfer of assets occurred outside the forum in a foreign country (Hungary), there were insufficient minimum contacts for personal jurisdiction and noted "serious comity concerns that would arise if we permitted the exercise of personal

4

jurisdiction over foreign nonparties based on purely foreign conduct." 935 F.3d 211, 230-32 (4th Cir. 2019). Defendants here are in the same position and, as in *Hawkins*, the Court should avoid the improper exercise of personal jurisdiction over Koehler Paper particularly when assets were transferred entirely outside the United States and such a decision implicates international comity (as has been previously discussed regarding the German court's request for service through diplomatic channels). Although the *Hawkins* court was not addressing a successor-in-interest theory, it addressed a similar argument that the defendant was subject to jurisdiction for aiding and abetting another party's violation of an injunction. *Id*. at 228. The court held that even if such aiding and abetting liability could create personal jurisdiction for a domestic entity, this reasoning did not extend to "foreign nonparties like Respondents. To exercise jurisdiction over a foreign nonparty, a district court must find that the nonparty has sufficient minimum contacts with the forum, and as the facts of this case demonstrate, aiding-and-abetting a violation of an injunction issued by the forum court will not always suffice." *Id*. Comity concerns arise because "other nations would surely look askance at us if a mere allegation of aiding-and-abetting, *occurring entirely overseas*, sufficed to provide our courts with jurisdiction over their citizens." *Id.* at 231 (emphasis added).

Similarly, in *Gastauer*, the court cautioned against the exercise of personal jurisdiction against "a foreign resident who lacks any relevant contacts with the entire United States" because such an "uninhibited approach to personal jurisdiction' . . . would pose 'risks to international comity.'" 93 F.4th at 13 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 141 (2014)). The court also dispensed with the concern—which the Government repeatedly echoes here—that a lack of jurisdiction may make it more difficult to collect on a judgment, stating, "to the extent that is true,

5

it cannot overcome [a defendant's] fundamental 'right to be subject only to lawful power.'" *Id.* (quoting *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 884 (2011)).

The Government also cites *Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1262–63 (Fed. Cir. 1985). But this case also relied on a "mere continuation" theory, which is not present here. In finding that the later created company was a mere continuation of the original defendant in the case, the court noted the "one-for-one transfer of ECL shares to ECI stockholders, the notification to ECI's customers that ECL had succeeded ECI, the application of ECL's name on inventory formerly owned by ECI, and the use of one bank account for both corporations during the transition period." *Id.* at 1262. None of these facts are alleged to be present in this case.[3]

As the Government cannot rely on "mere continuation" or "de facto merger" in support of its successor jurisdiction argument, the Government resorts to arguing that successor-in-interest jurisdiction lies here because Koehler Oberkirch's spin-off to Koehler Paper was done to escape paying U.S. Customs and Border Protection (CBP). Resp. at 1. Of course, Defendants dispute the allegation that Koehler Paper was spun off to escape liability to CBP, and that is the principal issue in dispute regarding the Government's claim against Koehler Paper. Though for purposes of a motion to dismiss, the court must accept all well-pleaded allegations, the facts will show that the creation of Koehler Paper was not for the purpose of Koehler Oberkirch's avoidance of liability. In any event, the Government fails to establish that spinning off a company outside the U.S. for purposes of avoiding liability creates successor-in-interest jurisdiction. To the contrary, the

---

[3] Moreover, as the Government acknowledges, this decision was based on the rules for joinder and exercising personal jurisdiction over a successor created *after* the filing of a complaint. Though the Government claims this distinction should be ignored because the decision was not premised on the language of Rule 25, the decision expressly belies that contention: the court in that case found a "mere continuation" where a successor "assumes the obligations of the *predecessor's pending litigation* if the court properly assumed jurisdiction over the predecessor and if the successor is properly served (as here)." *Id.* at 1263 (emphasis added).

6

Constitution still requires that the plaintiff establish sufficient minimum contacts. In *Zhorne v. Swan*, the court found no basis for exercising personal jurisdiction over alleged "sham corporations, created . . . for the purpose of protecting . . . assets from judgment and evading the jurisdiction of this and other courts." 700 F. Supp. 1037, 1038-39 (D. Minn. 1988). The court in that case noted that the defendant entities were not "authorized to conduct business in Minnesota," nor did they have registered agents in the forum, nor had transacted or solicited any business or made any sales in the forum. *Id.* at 1039. The court found the plaintiff's argument that personal jurisdiction should be exercised because the entities were allegedly being used to "shield fraudulently obtained assets" to be unavailing and dismissed the action on that basis because *International Shoe*'s minimum contacts test was not satisfied. *Id.*

In a footnote, the Government argues that "successor jurisdiction lies if there is fraud." Response at 9 n.6. The Government cites only one case to support this proposition. That case, *Lelchook v. Société Générale de Banque au Liban SAL*, 67 F. 4th 69, 79 (2d Cir. 2023), noted in passing that a district court had stated that successor liability "lies only if there is either (1) a statutory merger or (2) fraud." *Id*. First, this case interprets New York law, not federal common law. More importantly, the quoted language was merely quoting a separate district court case, *Schenin v. Micro Copper Corp.*, 272 F. Supp. 523 (S.D.N.Y. 1967), which the *Lelchook* case expressly said offered no "especially meaningful guidance" because it was not from a New York state court. *Lelchook*, 67 F.4th at 79. The *Lelchook* court therefore certified to a New York state court the question whether a company assumes a predecessor's specific personal jurisdiction when it "acquires all of another entity's liabilities and assets, but does not merge with that entity." *Id*. at 71-72, 88-89. That question is of no moment to the case at hand because, as explained above,

7

the Government does not allege that Koehler Paper acquired all of Koehler Oberkirch's liabilities and assets.

For the foregoing reasons, there is no basis for imputing Koehler Oberkirch's contacts to Koehler Paper and this Court lacks personal jurisdiction over Koehler Paper.

### B. The Prior Action Concerned a Different Transaction and Occurrence, Thus Koehler Paper Has Not Consented to this Court's Jurisdiction.

The Government also argues that this Court has jurisdiction over Koehler Paper because Koehler Paper filed a "related action" in the Court of International Trade in 2021, and Koehler Paper therefore consented to this Court's jurisdiction in this case. ECF No. 46 at 11–12. The Government contends that "so long as there is a relation" between two suits in a given forum, a party cannot enjoy jurisdiction in one suit and deny jurisdiction in the other. *Id.* This is not the rule, however. Courts have found that a defendant consents to jurisdiction only where the other cases "aris[es] out of the same transaction or occurrence." *Frank's Casing*, 292 F.3d at 1372. In other words, a "defendant who purposely avails himself of a particular forum state's courts by initiating a lawsuit there impliedly submits to that forum's jurisdiction with regard to all actions arising from the *same nucleus of operative facts*, or sharing the *same transactional core*." *Auto-Owners Ins. Co.*, 588 F. Supp. 3d at 1334 (emphasis added) (quoting *Marron*, 662 F. Supp. 2d at 200).

Here, the 2021 filing and the instant matter arose out of entirely different transactions and occurrences. Critically, the two cases arose out of different investigations involving different antidumping duty orders and over different periods of review. Thus, even though the two suits involve the same product, they concern different transactions and occurrences. *See DaimlerChrysler Corp. v. United States*, 30 C.I.T. 1945, 1945 (Ct. Int'l Trade 2006) (finding, in antidumping duty case, that "the entries at issue do not arise out of the same conduct, transaction,

or occurrence . . . even if the same product is involved"). Accordingly, Koehler Paper has not consented to this Court's personal jurisdiction in this suit by participating in the 2021 suit, and this Court lacks personal jurisdiction over Koehler Paper.

### III. CONCLUSION

For the reasons stated above, the Government's arguments in opposition are unavailing and do not establish that this Court has jurisdiction over Koehler Paper. First, the Government has failed to sufficiently plead that Koehler Paper is Koehler Oberkirch's successor-in-interest such that any personal jurisdiction this Court may have over Koehler Oberkirch could be imputed to Koehler Paper. Second, Koehler Paper did not consent to jurisdiction in this case by filing the prior 2021 suit, when the prior suit arose out of an entirely different transaction and occurrence. Finally, as stated in the Motion, because there was insufficient service of process, Defendants respectfully request that the Court dismiss Plaintiff's Amended Complaint (ECF No. 4). Therefore, Defendants respectfully request that the Court dismiss the Amended Complaint as to Koehler Paper.

Respectfully submitted,
*/s/ John F. Wood*
John F. Wood
Andrew McAllister
Anna P. Hayes
Stuart G. Nash *(admission pending)*
HOLLAND & KNIGHT, LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5628
Andrew.McAllister@hklaw.com
Anna.Hayes@hklaw.com
John.F.Wood@hklaw.com
Stuart.Nash@hklaw.com

*Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Reply complies with the word limitation set forth in this Court's Rules (Chambers Procedures). According to the word processing system (Microsoft Word) used to prepare this filing, the foregoing contains 2,924 words.

*/s/ John F. Wood*
John F. Wood
HOLLAND & KNIGHT, LLP