NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re KOEHLER OBERKIRCH GMBH, fka Papierfabrik August Koehler SE, fka Papierfabrik August Koehler AG, KOEHLER PAPER SE,**

*Petitioners*

---

2025-106

---

On Petition for Writ of Mandamus to the United States Court of International Trade in No. 1:24-cv-00014, Judge Gary S. Katzmann.

---

**ON PETITION**

---

Before DYK, CUNNINGHAM, and STARK, *Circuit Judges.*

CUNNINGHAM, *Circuit Judge.*

**O R D E R**

The United States Court of International Trade may order service on a defendant "at a place not within any judicial district of the United States" by means "not prohibited by international agreement." United States Court of International Trade Rule ("CIT Rule") 4(e)(3). Petitioners, two foreign corporations, are subject to such an order, authorizing the United States to effect service on them by delivering a copy of the complaint and summons to their

domestic counsel. In this petition for a writ of mandamus, we are asked to decide whether that order clearly exceeds the trial court's authority. Because Petitioners have not shown entitlement to relief, we deny the petition.

I.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). The Court of International Trade permits different ways of serving process on a defendant depending on whether service will be "within a judicial district of the United States" or "in a Foreign Country." CIT Rule 4(d), (e). As relevant here, those rules authorize an individual or corporation to be "served at a place not within any judicial district of the United States" by "any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention," or "by other means not prohibited by international agreement, as the court orders." CIT Rule 4(e); CIT Rule 4(g)(2).

In January 2024, the United States brought this action alleging that Petitioners Koehler Oberkirch GmbH and Koehler Paper SE, two German corporations that manufacture and import lightweight thermal paper, owe approximately $200 million in unpaid antidumping duties. After a failed attempt to comply with the Hague Convention through service to a German court, which concluded that the Hague Convention was inapplicable and requested "that a request should be made through diplomatic channels," Appx101 (translation) (emphasis omitted), the United States moved the Court of International Trade to authorize service through Petitioners' counsel of record in a related case. In August 2024, the court granted the motion, invoking its authority to order such service under CIT Rules 4(e)(3) and 4(g). Petitioners now challenge that order on mandamus.

## II.

A writ of mandamus is a "drastic and extraordinary remedy" reserved for "exceptional circumstances." *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380 (2004) (citations omitted). "In general, three conditions must be satisfied for a writ to issue." *In re Apple Inc.*, 979 F.3d 1332, 1336 (Fed. Cir. 2020) (citing *Cheney*, 542 U.S. at 380–81). First, petitioners must demonstrate a clear and indisputable right to relief. *Id.* Second, "the petitioner[s] must have no other adequate method of attaining the desired relief." *Id.* And third, "the court must be satisfied that the writ is appropriate under the circumstances." *Id.*

Petitioners have failed to satisfy that demanding standard here. For one thing, Petitioners have an adequate alternative means to challenge the trial court's order: They can wait until final resolution of the case and raise their challenge on direct appeal. *See In re Aputure Imaging Indus. Co., Ltd.*, No. 2024-103, 2024 WL 302404, at *1 (Fed. Cir. Jan. 26, 2024); *see also Roche v. Evaporated Milk Ass'n*, 319 U.S. 21, 26 (1943) ("[Mandamus] may not appropriately be used merely as a substitute for the appeal procedure prescribed by the statute."). For another, we cannot say that Petitioners have demonstrated that it is indisputably clear that the trial court exceeded its authority in granting the government's motion here.

Far from it. Petitioners' primary contention—that service through domestic counsel is not authorized by CIT Rule 4(e)(3) because that rule only permits service "at a place not within any judicial district of the United States"—is at odds with decisions of this and other courts dealing with materially identical language in Federal Rule of Civil Procedure 4(f)(3). *See, e.g., Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010); *In re OnePlus Tech. (Shenzhen) Co.*, No. 2021-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021); *cf.*

*Freedom Watch, Inc. v. OPEC*, 766 F.3d 74, 84 (D.C. Cir. 2014) (observing that "arguably, when a court orders service on a foreign entity through its counsel in the United States, the attorney functions as a mechanism to transmit the service to its intended recipient abroad").

Petitioners' secondary contention—that the trial court should not have authorized alternative service under these circumstances because the German district court requested "that a request should be made through diplomatic channels," Appx101 (translation) (emphasis omitted)—also does not establish clear entitlement to relief. We have explained that Fed. R. Civ. P. 4(f)(3) stands "on equal footing" with the other service provisions, *Nuance Commc'ns*, 626 F.3d at 1239 (citation omitted), and that, while some courts "have looked to whether there has been a showing that the plaintiff has reasonably attempted to effectuate service . . . by conventional means," those considerations merely "guide the exercise of discretion," *OnePlus Tech*, 2021 WL 4130643, at *3 (internal quotation marks and citation omitted). We have not been shown compelling reason to reach a different conclusion as to CIT Rule 4(e)(3) on limited review. And we are not prepared to say the trial court clearly abused its considerable discretion in ordering such service.

Accordingly,

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

Jarrett B. Perlow
Clerk of Court

<u>January 16, 2025</u>
Date