UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: GARY S. KATZMANN, JUDGE

_____

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 24-00014 |
| KOEHLER OBERKIRCH GMBH, f/k/a | : | |
| PAPIERFABRIK AUGUST KOEHLER | : | |
| SE, f/k/a PAPIERFABRIK AUGUST | : | |
| KOEHLER AG; and KOEHLER PAPER | : | |
| SE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

_____

## PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:
BRANDON T. ROGERS
LISA ROSS
ALEXANDRA KHREBTUKOVA
Senior Attorneys
U.S. Customs and Border Protection
Office of Chief Counsel

Dated: May 20, 2026

EDWARD F. KENNY
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
Tel.: (212) 264-9236 or 9230
*Attorneys for Plaintiff*

**TABLE OF CONTENTS**

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

    I.    The Facts Of This Case Warrant A Default Judgment In The Amount of $193,631,642.08 Plus Interest ........................................................................................................................ 2

    II.    An Injunction Against The Koehler Defendants Under The Circumstances Is Appropriate ............ 5

CONCLUSION .................................................................................................................... 8

## TABLE OF AUTHORITIES

**Cases**

*Aziz v. Wright,*
  34 F.3d 587 (8th Cir. 1994) ................................................................................................. 4

*B.F. Goodrich Co. v. United States,*
  18 C.I.T. 35, 843 F. Supp. 713 (1994) ................................................................................ 6

*Diaz v. Southern Drilling Corp.,*
  427 F.2d 1118 (5th Cir. 1970) ............................................................................................. 4

*Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.,*
  757 F.2d 1256 (Fed. Cir. 1985) ........................................................................................... 2

*National Hockey League v. Metropolitan Hockey Club, Inc.,*
  427 U.S. 639 (1976) ............................................................................................................. 5

*Papierfabrik August Koehler SE v. United States*,
  180 F. Supp. 3d 1211 (Ct. Int'l Trade 2016), *aff'd*, 710 F. App'x 889 (Fed. Cir. 2018),
  *cert. denied*, 139 S. Ct. 1290 (2019) .................................................................................. 7

*Papierfabrik August Koehler SE v. United States*,
  7 F. Supp. 3d 1304 (Ct. Int'l Trade 2014), *aff'd*, 843 F.3d 1373 (Fed. Cir. 2016),
  *cert. denied*, 138 S. Ct. 555 (2017) .................................................................................... 7

*Sigliano v. Mendoza,*
  642 F.2d 309 (9th Cir. 1981) ............................................................................................... 4

*Taser Int'l, Inc. v. Phazzer Elec., Inc.,*
  754 F. Appx. 955 (Fed. Cir. 2018) ...................................................................................... 3

*Transpacific Steel LLC v. United States*,
  481 F. Supp. 3d 1326 (Ct. Int'l Trade 2020) ...................................................................... 6

**Rules**

USCIT Rule 34 ............................................................................................................................ 1

USCIT Rule 36 ............................................................................................................................ 1

USCIT Rule 37 ............................................................................................................................ 4

USCIT Rule 37(d) ................................................................................................................. 2, 3, 4

USCIT Rule 37(d)(1)(A)(ii) ........................................................................................................ 1

USCIT Rule 37(d)(3) ................................................................................................................... 1

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: GARY S. KATZMANN, JUDGE

_____

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 24-00014 |
| KOEHLER OBERKIRCH GMBH, f/k/a | : | |
| PAPIERFABRIK AUGUST KOEHLER | : | |
| SE, f/k/a PAPIERFABRIK AUGUST | : | |
| KOEHLER AG; and KOEHLER PAPER | : | |
| SE, | : | |
| | : | |
| Defendants. | : | |

_____ :

**PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION FOR DEFAULT JUDGMENT**

Plaintiff, the United States (the Government), respectfully submits this reply in support of

its motion for default judgment.

**INTRODUCTION**

The Government filed the instant motion for default judgment pursuant to U.S. Court of

International Trade (USCIT) Rule 37(d)(1)(A)(ii) and (3), after defendants Koehler Oberkirch

GmbH and Koehler Paper SE (collectively, Koehler or defendants) informed the Government

that they would not be responding to any discovery requests intended to gather information

pertinent to the case including requests seeking information about defendants' corporate

structure, corporate spin off, their finances, and their assets held in the United States.  More

specifically, defendants refused to respond to the Government's propounded USCIT Rule 33

Request for Responses to Written Interrogatories, its USCIT Rule 34 Request for Production of

Documents, and its two sets of USCIT Rule 36 Requests for Admissions.  Defendants admit that

they have not participated in discovery in this litigation.  Defs Opp. at 1.  Defendants explain

their non-participation in discovery as the result of "difficulty in participating in U.S.-style discovery" and because defendants considered such discovery "unnecessary in this matter because the record was sufficiently developed." *Id.* at 2.  Under USCIT Rule 37(d), the Court may order appropriate sanctions for defendants' admitted refusal to participate in discovery and willful default.  Nowhere in their opposition brief do defendants state that they intend to pay their debts if so ordered or otherwise give any assurance that they intend to comply with this Court's orders and uphold the rule of law in the United States.   In this case, given defendants' failure to abide by this Court's judgments and rules, and defendants' own recommendation that plaintiff move straight away for default judgment, the appropriate sanctions under Rule 37(d) are entry of a default judgment and a narrow injunction to enforce this Court's orders, and protect the rule of law as set out in our motion for default judgment.

## **ARGUMENT**

### I. **The Facts Of This Case Warrant A Default Judgment In The Amount Of $193,631,642.08 Plus Interest**

As we explained in our motion, the defendants have unequivocally expressed their willful default, *i.e.*, refusal to engage in any present or future discovery requests.  In two letters, the defendants stated their position clearly that they "will not respond to" any of the Government's discovery requests and "will not participate in any future discovery in this case."  Pltf's Exs. 8 and 10.  Moreover, defendants recommended that the Government move for default judgment in lieu of moving to compel.  Ex. 10 at 2.  This "total failure to respond" to the Government's discovery requests permits the Court to issue sanctions under USCIT Rule 37(d). *Minnesota Min. & Mfg. Co. v. Eco Chem, Inc.*, 757 F.2d 1256, 1261 (Fed. Cir. 1985).

In our moving brief, we showed how defendants' refusal to participate in discovery is undisputedly grounds for sanctions under USCIT Rule 37(d).[1] Pltfs Moving Brief at 5-16. We set forth the significance of the requested information as it pertains to the claims of the Government's complaint (deal documents, financial records, facts bearing on successorship, and information concerning defendants' assets). *Id.* at 7-11. We also detailed the legal reasons why defendants' refusal to participate in discovery is willful and can only be remedied by imposing the sanction of default judgment.[2] *Id.* at 7-11. Rule 37 of the Federal Rules of Civil Procedure gives district courts broad discretion to fashion appropriate sanctions for failure to follow discovery orders or to respond to discovery requests. *See, Taser Int'l, Inc. v. Phazzer Elec., Inc.*,

---

[1] USCIT Rule 37 (d) <u>Party's Failure to Attend Its Own Deposition, Serve Answers to Interrogatories, or Respond to a Request for Inspection.</u>

(1) In General.
    (A) Motion; Grounds for Sanctions. The court may, on motion, order sanctions if:
            \* \* \*
        (ii) a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response.
    (B) Certification. A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action.
            \* \* \*
(3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the Rule 37-7 failure was substantially justified or other circumstances make an award of expenses unjust.

[2] Although this Court has not applied the factor tests that various circuits apply in determining whether default judgment is the appropriate sanction for discovery violations, *see, e.g., United Constr. Prods., Inc. v. Tile Tech, Inc.*, 843 F.3d 1363, 1368 (Fed. Cir. 2016) (Ninth Circuit law); *Drone Techs., Inc. v. Parrot S.A.*, 838 F.3d 1283, 1301 (Fed. Cir. 2016) (Third Circuit law), applying those tests would lead to the same result. These circuits generally ask whether the violation was willful, justified, or remediable through lesser sanctions. *See United Constr. Prods.*, 843 F.3d at 1368; *Drone Techs.*, 838 F.3d at 1301.

754 F. Appx. 955, 959 (Fed. Cir. 2018); *see also Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994) ("A district court has wide latitude in imposing sanctions for failure to comply with discovery, and this court will reverse a decision to dismiss under Rule 37(d) only if the court abused its discretion.") (citations omitted); *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (Imposition of such sanctions as are just will not be reversed unless there has been an abuse of discretion.) (quotation marks and citation omitted); *Diaz v. Southern Drilling Corp*., 427 F.2d 1118, 1126 (5th Cir. 1970) ("While it is true that the courts should impose sanctions no more drastic than those actually required to protect the rights of other parties, the language of Rule 37(d) makes clear that the application of sanctions is entrusted to the discretion of the trial judge, and overleniency is to be avoided where it results in inadequate protection of discovery.") (citation omitted).

Defendants' opposition brief offers no arguments against the substantive merits of our motion for default judgment, nor does it discuss USCIT Rule 37 or contest the Government's well-established claims, *i.e*., the Government is owed the outstanding debt plus interest.[3] Instead, defendants reiterate their jurisdictional objection (Defs Opp. at 2-3), and challenge our request for injunctive relief. Defs. Opp at 3-22. Defendants summarize their position as follows: "[d]efendants appear solely to preserve their objection to this Court's jurisdiction[4] and to

---

[3] Plaintiff set forth and supported in its moving brief the amount of the debt owed by defendants, specifically, $193,631,642.08 in principal, plus post liquidation interest under 19 U.S.C. § 1505(d) and post judgment interest under 28 U.S.C. § 1961. *See* Moving Brief at 12-14 supported by the Ingalls Declaration and exhibits.

[4] The defendants oppose plaintiff's motion for default judgment on the same jurisdictional grounds for which they (1) unsuccessfully opposed alternative service, (2) unsuccessfully moved to dismiss the complaint, and (3) unsuccessfully sought mandamus. More specifically, the defendants' opposition states that "[d]efendants maintain and preserve the arguments that there is no personal jurisdiction over Defendants." Pltfs' Opp Brief at 2–3. Also, defendants maintain

*(cont'd)*

4

oppose the extraordinary injunctive relief request." Defs Opp. at FN 1. As noted, defendants' opposition brief makes no argument that a lesser discovery sanction would prompt them to comply with discovery. More concisely, defendants' opposition brief shows that they are not contesting the merits of the Government's complaint and request for default judgment, nor are they contesting the amount of monetary relief the Government has sought, *i.e.*, $193,631,642.08 plus pre- and post-judgment interest.

"[T]he most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). For all these reasons, the sanction of default judgment is warranted here. *See* Pltf's Ex. 10 at page 2 (defendant requested the Government to move directly for default judgment without "devoting unnecessary time and resources litigating a motion to compel").

II.      **An Injunction Against The Defendants Under the Circumstances Is Appropriate**

Defendants have made equally clear that they have no intention of paying their outstanding liabilities to the United States or identifying assets that could satisfy a money judgment. Pltfs Moving Brief at 3, 16. Defendants said nothing in their opposition brief to

---

"there is no personal jurisdiction over Koehler Paper SE because Koehler Paper SE lacks minimum jurisdictional contacts with this forum, and there is no basis for imputing Koehler Oberkirch's contacts to Koehler Paper SE." *Id.* But parties do not preserve arguments by incorporating by reference their prior arguments spread across other filings. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 735 n.24 (2004); *Promptu Sys. Corp. v. Comcast Cable Commc'ns, LLC*, 92 F.4th 1384 (Fed. Cir. 2024) (per curiam). Regardless, because the Court has already rejected the defendants' jurisdictional arguments, and because the Government served the defendants in accordance with the Court's order, the defendants' arguments on these points are unavailing.

dispute this point, and the arguments they did make are unavailing. As such, in this rare circumstance, the proposed injunctive relief is warranted: an order enjoining the entering of defendants' merchandise into the U.S. market by prohibiting them from importing merchandise, and from causing another party to do so, until they pay the judgment. No other remedy would effectively enforce this Court's judgments and protect the rule of law.

Defendants argue that injunctive relief is inappropriate because the Government's complaint did not expressly seek such relief. Defs Opp. at 3-6. But the Government had no way of knowing, at the time when it commenced this action, that defendants would refuse to participate in discovery, including the discovery of defendants' assets available to satisfy a judgment, and that defendants would willfully default. After becoming aware of Defendant's position, we timely brought this motion and made the request for injunctive relief, among other requests. Consequently, there is no merit to defendants' objection to the Government's proposed injunction based on the absence of specific references to injunctive relief in the Government's complaint. The Government only became aware of defendants' willingness to default when defendants notified the Government that they would not comply with our discovery requests.

Defendants also argue that this Court lacks the authority to issue the requested injunction. Defs Opp. at 6-14. The U.S. Court of International Trade has inherent authority to enforce its own judgments. *See B.F. Goodrich Co. v. United States*, 18 C.I.T. 35, 36, 843 F. Supp. 713, 714 (1994). "This authority has included under certain circumstances the 'power to determine the effect of its judgments and issue injunctions to protect against attempts to attack or evade those judgments.'." *Transpacific Steel LLC v. United States*, 481 F. Supp. 3d 1326, 1329 (Ct. Int'l Trade 2020) (quoting *United States v. Hanover Ins. Co.*, 82 F.3d 1052, 1054 (Fed. Cir. 1996)). In this case, the Court has expended much effort adjudicating the underlying antidumping duty

6

rates upon which the defendants' debts were based.  Specifically, these rates were upheld by both this Court and the Federal Circuit.  S*ee Papierfabrik August Koehler SE v. United States*, 180 F. Supp. 3d 1211, 1218–20 (Ct. Int'l Trade 2016), *aff'd*, 710 F. App'x 889 (Fed. Cir. 2018) and *Papierfabrik August Koehler SE v. United States*, 7 F. Supp. 3d 1304 (Ct. Int'l Trade 2014), *aff'd, Papierfabrik August Koehler SE v. United States*, 843 F.3d 1373 (Fed. Cir. 2016).  The resources expended by the Government and the Court in the prior litigation and now in this case will be for naught unless the judgment setting the antidumping duty rate is enforced.  For these reasons and the reasons we set out in our moving brief, the Court has the authority to enjoin the entry of defendants' merchandise into the U.S. market (by them or another party) until the judgment is paid.

Defendants also argue that the Government has not demonstrated the necessary factors to obtain an injunction.  Defs. Opp. at 14-19.  We demonstrated why an injunction is necessary and appropriate in our moving brief at 22-25.

Lastly, the defendants argue that the Government's proposed injunction is too broad in scope and is inequitable.  Defs Opp. at 19-22.  We demonstrated in our moving brief, Defs Opp. at 25-26, and again herein how the injunctive relief we seek is narrowly tailored, to enforce the Court's orders and judgments, and appropriate in scope.  The Government's proposed injunction is limited only to ensuring that defendants pay their debts – it would not permanently ban defendants' merchandise from the U.S. market.  Furthermore, defendants have not permitted discovery of their financial state or demonstrated an inability to pay their debts, so it is fair to presume that defendants have the ability to pay

## CONCLUSION

For these reasons, the Court should grant the Government's motion for default judgment, enter judgment in the Government's favor and against the defendants, and enjoin the defendants from directly or indirectly through third parties importing, or causing to be imported, merchandise into the United States, until they pay what they owe.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:                                         /s/ Edward F. Kenny
BRANDON T. ROGERS                  EDWARD F. KENNY
LISA ROSS                                       Senior Trial Counsel
ALEXANDRA KHREBTUKOVA      Department of Justice, Civil Division
Senior Attorneys                            Commercial Litigation Branch
U.S. Customs and Border Protection   26 Federal Plaza, Suite 346
Office of Chief Counsel                  New York, New York 10278
                                                       Tel.: (212) 264-9236 or 9230
Dated: May 20, 2026                     *Attorneys for Plaintiff*

8

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: GARY S. KATZMANN, JUDGE

---

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 24-00014 |
| KOEHLER OBERKIRCH GMBH, f/k/a | : | |
| PAPIERFABRIK AUGUST KOEHLER | : | |
| SE, f/k/a PAPIERFABRIK AUGUST | : | |
| KOEHLER AG; and KOEHLER PAPER | : | |
| SE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CERTIFICATE OF COMPLIANCE

I, Edward Kenny, a senior trial counsel in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing reply, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2,246 words.

/s/ Edward F. Kenny
EDWARD F. KENNY

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: GARY S. KATZMANN, JUDGE

_____

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 24-00014 |
| KOEHLER OBERKIRCH GMBH, f/k/a | : | |
| PAPIERFABRIK AUGUST KOEHLER | : | |
| SE, f/k/a PAPIERFABRIK AUGUST | : | |
| KOEHLER AG; and KOEHLER PAPER | : | |
| SE, | : | |
| | : | |
| Defendants. | : | |

_____ :

## CERTIFICATE OF SERVICE

I, Edward F. Kenny, certify that I am an attorney in the office of the Assistant Attorney

General, Civil Division, Commercial Litigation Branch, International Trade Field Office, with

offices located at 26 Federal Plaza, New York, NY 10278, and that on May 20, 2026 on behalf of

the United States, plaintiff herein, I caused the annexed Reply Brief in Support of the

Government's Motion for Default Judgment to be served upon:

John Wood
Holland & Knight LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 2000
John.F.Wood@hklaw.com

the attorney(s) for the defendant herein, by the Court's Case Management/Electronic

Case File system and via email.

/s/ Edward F. Kenny
EDWARD F. KENNY