UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: GARY S. KATZMANN, JUDGE

| | |
|---|---|
| UNITED STATES, : | |
| : | |
| Plaintiff, : | |
| v. : | |
| : | Court No. 24-00014 |
| KOEHLER OBERKIRCH GMBH, f/k/a : | Judge Gary S. Katzmann |
| PAPIERFABRIK AUGUST KOEHLER SE, : | |
| f/k/a PAPIERFABRIK AUGUST KOEHLER : | |
| AG; and KOEHLER PAPER SE, : | |
| : | |
| : | |
| Defendants. : | |
| : | |

**DEFENDANTS' POST ARGUMENT SUBMISSION**

Defendants Koehler Oberkirch GmbH ("Koehler Oberkirch") and Koehler Paper SE ("Koehler Paper") (collectively, "Koehler") hereby submit this Post Argument Submission to address several points raised at oral argument on July 22, 2026.

**I.     The Government's Request Is Procedurally Improper.**

The Government's Motion for Default Judgment ("Motion") violates two key procedural requirements. First, as the Court noted at the hearing, USCIT Rule 55 provides a two-step process for obtaining default judgment—the entry of default under Rule 55(a), followed by a motion for default judgment under Rule 55(b). *See United States v. Horizon Prods. Int'l, Inc.*, 190 F. Supp. 3d 1155, 1155–56 (Ct. Int'l Trade 2016). The Government bypassed the first step by filing its Motion before obtaining an entry of default, and "[w]ithout the entry of default . . . the court cannot proceed to the second step, the determination of damages and the entry of judgment by default." *Id.* at 1156. The Government offered no answer at the hearing for this procedural defect. Tr. 7:16–9:1.

Second, USCIT Rule 54(c) precludes the Government's requested injunction because this relief "differ[s] in kind from . . . what is demanded in the pleadings." USCIT R. 54(c). This Rule ensures that pleadings give defendants notice of the relief that may be entered against them upon default, as "[i]t would be fundamentally unfair to have the complaint lead a defendant to believe that only a certain type and dimension of relief was being sought," yet, through default, "allow the court to give a different type of relief." *Silge v. Merz*, 510 F.3d 157, 159 (2d Cir. 2007) (quoting 10 *Wright & Miller's Federal Practice & Procedure* § 2663).

The Government admits that it did not request this injunction—or any injunctive relief—in the pleadings, but argues that this relief nonetheless complies with Rule 54(c) because it can be "read into the complaint" based on "the totality of the circumstances." Tr. 9:12–10:15, 15:16–16:2. Rule 54(c) is not so flexible, however. In *Silge*, for example, the Second Circuit rejected the argument that the plaintiff's "demand for pre-judgment interest was implied" in the complaint's demand for monetary damages. *Silge*, 510 F.3d at 160. The answer here is even clearer. If pre-judgment interest does not fall within a demand for monetary damages, as Judge Katzmann explained in *Silge*, then an injunction of the extraordinary nature sought here cannot be implied from a demand for monetary relief. Indeed, it is far more surprising for a defendant to learn after an alleged default that the plaintiff is seeking an entirely unprecedented form of injunctive relief than it would be to learn that a plaintiff is seeking pre-judgment interest as part of its request for damages.

The Government nevertheless contends that Koehler had sufficient notice of the injunction at the pleading stage because the amount of the duties the Government seeks "is a number that's long been known," the injunction is "just the progeny" of the duties, "[t]he fact that we're seeking

2

to incentivize the payment of that debt should have been known to Koehler," and Koehler "should have understood that nonpayment would lead to effects." Tr. 16:7–17:3. But notice of the amount of the duties and the Government's desire to recover those duties does not constitute notice of *any and all means* the Government may employ to incentivize payment of the duties—especially a form of injunctive relief that, by the Government's own admission, no court has previously ordered. Tr. 32:5–16. Were that sufficient, Rule 54(c)'s limitation would have little practical effect: notice that a plaintiff seeks payment would become notice of virtually any remedy later devised to compel it. The Government's argument that Rule 54(c) should not apply when the Government did not anticipate the defendant would default, ECF No. 76 at 6; ECF No. 79 at 3; Tr. 9:12–10:1, fares no better. That exception appears nowhere in the Rule and would swallow it in practice, as a plaintiff could always assert that it did not anticipate default when it filed its complaint.

## II.    The Government *Still* Has Not Demonstrated Authority for Its Unprecedented Request for Injunctive Relief.

Through two briefs, answers to the Court's written questions, and oral argument, the Government remains unable to identify any legal basis for this Court to grant the unprecedented injunction sought in its Motion. This failure is particularly significant given the Government admits that the requested relief is novel and that it is unaware of any analogous injunction ever having been entered. *See* ECF No. 79 at 6–8 (noting "[t]he injunctive relief we seek is novel," and "we are not aware of any prior example of an analogous injunction"); Tr. 12:1–9, 18:25–19:7 ("I would agree with Your Honor's phrasing; it's a novel approach . . . .").

The Government points to 19 U.S.C. §§ 1509 and 1510—which authorize the *Secretary* to exclude merchandise—and argues that Congress "must have intended" for the Court to have comparable authority. ECF No. 63 at 18; ECF No. 79 at 4. But Congress, in 19 U.S.C. § 1510(a),

specified that courts only have authority to "assess a monetary penalty." *Id.*; ECF No. 73 at 8–9; Tr. 35:21–36:19. A mere *assumption* that the Court possesses additional authority is insufficient, as is a policy argument that Congress *should have* given this Court such authority. As this Court explained in the related *Domtar* case, "It is not within the province of the court to consider the policy implications of this ruling on Koehler's actions. While it may be that incentivizing parties to timely pay antidumping duties is a respectable goal, such a policy objective cannot overcome statutory text and precedent." *Domtar Corp. v. United States*, 803 F. Supp. 3d 1345, 1356 (Ct. Int'l Trade 2025). Nor does Rule 37 supply the missing authority. *See* ECF No. 79 at 3, 12. Rule 37 identifies an array of sanctions for discovery violations, but the list does not include injunctive relief.

The Government also cannot explain how its requested injunction can be reconciled with the Supreme Court's recent treatment of universal injunctions in *Trump v. CASA, Inc.*, 606 U.S. 831, 841–43 (2025). Although the Government now purports to have modified its injunction request, narrowing the injunction to anyone in the world who receives notice from the Government when they attempt to import Koehler products does not make the injunction any less universal. Tr. 21:16–22:12, 37:1–38:17. It cannot be the case that when the Government is a defendant, like in *Trump v. CASA*, it cannot be bound by a universal injunction, yet when the Government is a *plaintiff*, it can get a universal injunction that applies to anyone in the world who might want to import Koehler products. Tr. 38:6–17. Notice alone does not establish that the Court possesses authority to bind an unlimited universe of nonparties. Nor has the Government justified extending the injunction to Koehler products beyond those subject to the antidumping duties at issue or imposing the requested relief without a meaningful temporal limitation.

4

Despite having multiple chances to do so, the Government still cannot identify any legal authority supporting the requested injunction. The Court should decline the Government's invitation to create that authority for the first time here.

**III.    Conclusion**

For the reasons set forth at ECF Nos. 73 and 80, and as explained at oral argument, Defendants respectfully request that the Court deny the Motion and the Government's request for injunctive relief.

Dated: August 13, 2026                                    Respectfully submitted,

*/s/ John F. Wood*

John F. Wood
Andrew McAllister
Anna P. Hayes
HOLLAND & KNIGHT, LLP
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 469-5628
John.F.Wood@hklaw.com
Andrew.McAllister@hklaw.com
Anna.Hayes@hklaw.com

*Counsel for Defendants*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing submission complies with the word limitation set forth in this Court's Order at ECF No. 82. According to the word processing system (Microsoft Word) used to prepare this filing, the foregoing contains 1,246 words.

/s/ John F. Wood
John F. Wood
HOLLAND & KNIGHT, LLP