UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HON. GARY S. KATZMANN, JUDGE

|  |  |  |
|---|---|---|
| UNITED STATES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | Court No. 24-00014 |
| KOEHLER OBERKIRCH GMBH, f/k/a | : | |
| PAPIERFABRIK AUGUST KOEHLER | : | |
| SE, f/k/a PAPIERFABRIK AUGUST | : | |
| KOEHLER AG; and KOEHLER PAPER | : | |
| SE, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S POST-HEARING SUBMISSION**

The Court held an oral argument for this case on July 22, 2026, and at the close of the hearing, invited each party to submit a written statement of no more than 1250 words on any hearing related issue. The United States provides the following written statement addressing an issue posed by the Court at the July 22nd hearing.

1. **Paraphrased Question from the Court: The case *United States v. Horizon Products International, Inc.*, 229 F.Supp.3d 1370 (Ct. Int'l. Trade 2017) discussed default judgment as a two-part process, with entry of default occurring first followed by the motion for default judgment. Are both steps necessary here, and do you have any supporting case law for your position? Trans. P 8 L 2-7, L16-17.[1]**

As we demonstrate below, the entry of default under United States Court of International Trade (USCIT) Rule 55(a) is not necessary under the circumstances of this case and, instead, the court may proceed directly to default judgment.

---

[1] The cite to "Trans." followed by page numbers, is a cite to the filed Transcript of the July 22, 2026 Hearing before Judge Gary S. Katzmann in the captioned matter regarding the pending motion.

The Government filed the instant motion for default judgment pursuant to USCIT Rule 37(d)(1)(A)(ii) and (3), as a consequence of defendants Koehler Oberkirch GmbH and Koehler Paper SE (collectively, Koehler or defendants) refusing to respond to any discovery requests intended to gather information pertinent to the case. More specifically, defendants refused to respond to the USCIT Rule 33 Request for Responses to Written Interrogatories, the USCIT Rule 34 Request for Production of Documents, and two sets of USCIT Rule 36 Requests for Admissions, all propounded by the Government. Defendants claimed "difficulty in participating in U.S.-style discovery" and that discovery was "unnecessary in this matter because the record was sufficiently developed." Defs Opp. Brief to Motion for Default Judgment at 2. At the motion hearing on July 22, 2026, defendants conceded that they asserted no defense to our motion for default judgment.[2] Trans. P 27 L 22-25, P28 L1-24.

Accordingly, under USCIT Rule 37(d), the Court may now order sanctions for the defendants' willful refusal to participate in discovery. USCIT Rule 37(d)(3) sets forth sanctions available for discovery violations, incorporating the options set forth under USCIT Rule 37(b)(2)(A)(i)-(vi). Considering defendants' complete and unjustified willful refusal to participate in discovery, the sanction of default judgment is appropriate under USCIT Rule 37(b)(2)(A)(vi), which permits the "rendering [of] default judgment against the disobedient party[.]" Pertinent to the Court's question, Rule 37(b)(2)(A)(vi) makes no mention of an entry of default as a precondition to rendering default judgment as a sanction.

---

[2] While Mr. Woods stated that defendants have no defense to the present default judgment motion; he suggested defendants intend to pursue an appeal of their insufficient service of process and lack of personal jurisdiction arguments, which were rejected as part of defendants' failed motion to dismiss. Trans. P 27 L 22-25, P28 L1-24.

The circumstances of this case are distinguishable from *United States v. Horizon Products International, Inc.*, 229 F.Supp.3d 1370 (Ct. Int'l. Trade 2017).  *Horizon Products* involved a motion brought by the Government solely under USCIT Rule 55, and here, a notice of default under 55(a) is not required.  The Court in *Horizon Products* specifically noted that the Government did not bring a motion pursuant to USCIT Rule 37.  *Id.* at 1381.  When a default is sought solely under USCIT Rule 55, a two-step process is required, that is, first obtaining an entry of default from the clerk of the court (Rule 55(a)) and secondly moving for default judgment (Rule 55(b)).[3]

---

[3] Rule 55. Default Judgment

(a) <u>Entering a Default</u>. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

(b) <u>Entering a Default Judgment</u>. In all cases the party must apply to the court for a default judgment. When the plaintiff's claim is for a sum certain or for a sum that can be made certain by computation, the court – on the plaintiff's request with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person. A default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared. If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 14 days before the hearing. The court may conduct hearings or make referrals – preserving any federal statutory right to a jury trial – when to enter or effectuate judgment, it needs to:

(1) conduct an accounting;

(2) determine the amount of damages or other relief;

(3) establish the truth of an allegation by evidence; or

(4) investigate any other matter.

3

Unlike the default motion in *Horizon Products*, here, the Government seeks a default judgment as a sanction pursuant to USCIT Rule 37(d)(1)(A)(ii) and (3).  The difference between a motion for default judgment as a Rule 37 discovery sanction and a default based solely on Rule 55 was discussed in *Hornady v. Outokumpu Stainless USA, LLC*, 118 F.4th 1367 (11th Cir. 2024).  In *Hornady*, the district court entered a default judgment against defendant as a discovery sanction based on Federal Rule of Civil Procedure 37(b)(2)(A)(vi).  *Id.* at 1377.  Because the default judgment was entered as a Rule 37 discovery sanction, no entry of default was made or needed prior to the entry of default judgment.  *Id.* at 1382.  The difference mattered in that case because of the applicable standard of review.  Specifically, the Court noted that if the party sought to overturn an "entry of default," the applicable standard would be "good cause," while if the party was seeking to overturn a final default judgment, then the applicable standard would be the standard set forth under FRCP Rule 60(b).  *Hornady,* 118 F.4th at 1381-1382. *See* FRCP Rule 55(c), *See also, Baxter Construction Company, LLC v. SF Construction, Inc.*, No. 22-cv-01117-NYW, 2023 WL 5822502, at *5 (D. Colo. September 8, 2023) (Rule 37 contemplates the entry of default *judgment* against a disobedient party, *not* the entry of default. Fed. R. Civ. P. 37(b)(2)(A)(vi). Accordingly, the Court cannot conclude that entry of default is appropriate or necessary in this instance." (emphasis in original)).

**CONCLUSION**

The defendants have not advanced a defense to the Government's default judgment. Trans. P 27 L 22-25, P28 L1-24.  The defendants do not contest the amount of duties that are owed,[4] as they acknowledge the amount was confirmed by the Court in prior litigation. Trans.

---

[4] The outstanding duties are $193,631,642.08, plus post-liquidation interest under 19 U.S.C. § 1505(d), plus post-judgment interest under 28 U.S.C. § 1961.

4

P24 L 19-24.  Consequently, we ask the Court to enter default judgment against defendants along with the requested narrowed, temporary injunction, so as to incentivize defendants to pay the uncontested duties and interest owed, particularly given that defendants have admitted they can pay, albeit over a number of years,[5] but they have refused to pay to date.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Edward F. Kenny
EDWARD F. KENNY
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
(202) 305 5216
Attorneys for Plaintiff
26 Federal Plaza, Suite 346

Of Counsel:
BRANDON T. ROGERS
LISA ROSS
ALEXANDRA KHREBTUKOVA
Senior Attorneys
U.S. Customs and Border Protection
Office of Chief Counsel

Dated: August 13, 2026

---

[5] Koehler asserts it would take them almost thirty years of forgoing profit to pay the amount the Government seeks.  Defendants Response to Court's Questions, Docket No. 80 at P 1.